## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**TECH AND GOODS, INC.,**

    **Plaintiff,**

**v.**

**30 WATT HOLDINGS, LLC, a Minnesota limited liability company, TOOLETRIES, LLC, a Delaware limited liability company, and TOOLETRIES PTY. LTD., an Australian company,**

    **Defendants.**

**No.**

## COMPLAINT

Plaintiff TECH AND GOODS, INC., by its undersigned attorneys, brings this case for trademark infringement and unfair competition against Defendants 30 WATT HOLDINGS, LLC, TOOLETRIES, LLC, and TOOLETRIES PTY. LTD. as follows:

### PARTIES

1.     Plaintiff Tech and Goods, Inc. d/b/a Sipcaddy ("Sipcaddy") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Sipcaddy conducts business in southeastern Michigan.

2.     Defendant 30 Watt Holdings is a Minnesota limited liability company with its principal place of business in Minneapolis, Minnesota.

3.      30 Watt Holdings conducts business in southeastern Michigan.

4.      30 Watt Holdings' primary business is not in bath and shower beverage holders, but in novelty items unrelated to bath and shower beverage holders.

5.      Defendant Tooletries Pty. Ltd d/b/a both Journeyman Designs and Tooletries is an Australian company doing business in southeastern Michigan.

6.      Tooletries Pty. Ltd has a wholly-owned, closely controlled American subsidiary, Defendant Tooletries, LLC, which is a Delaware limited liability company.

7.      Both Tooletries Pty. Ltd and Tooletries, LLC (collectively "Tooletries" and with 30 Watt Holdings "Defendants") have the same owners, Joshua and Saul Cockburn, and conduct the same business by selling the same products in the United States and Australia.

8.      On information and belief, Tooletries is the supplier to 30 Watt Holdings.

9.      Defendants sell a "Sudski" shower beer holder in the United States that infringes Sipcaddy's trademark for SHOWER BEER.



10.     Defendants use Sipcaddy's registered SHOWER BEER trademark as the focus of their product packaging.

11.     Additionally, Defendants sell or are about to sell a "Sipski" bath and shower wine holder that infringes Sipcaddy's SIPCADDY mark.

12.     Instead of building their brands through hard work and quality service, Defendants decided to trade off Sipcaddy's hard-earned reputation.

13.     By directly using Sipcaddy's SHOWER BEER mark as the focus of their product packaging, Defendants cause consumer confusion between Sipcaddy and Defendants' "Sudski" product.

14.     By using a similar name to Sipcaddy for their "sipski" product, Defendants cause consumer confusion as to the source of its "sipski" product.

15.     Defendants' actions constitute trademark infringement and unfair competition. Sipcaddy brings this action to stop Defendants' unlawful practices, disgorge Defendants' improper gains, and compensate Sipcaddy for its lost goodwill and reputation.

## JURISDICTION AND VENUE

16.     This is a civil action seeking damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq*. as well as related state law claims.

17.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

18.     The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as those claims form part of the same case and controversy.

19.     This Court has personal jurisdiction over Defendants because they are doing business in this District and a substantial part of the acts complained of occurred in this District.

20.     Defendants sell products that infringe Sipcaddy's trademarks in the District.

21.     In addition, Defendants sell their products on Amazon.com and other interactive websites that permit residents of this District to purchase their products.

22.     Venue is proper in the District pursuant to 28 U.S.C. § 1391(b).

## RELEVANT FACTS

23.     Both Sipcaddy and Defendants sell bath and shower beverage holders on the internet, including on Amazon, their respective websites, and Instagram.

24.     Sipcaddy is the market leader for bath and shower beverage holders. Sipcaddy has been in business since 2014. Over this time, it has built its reputation and established its goodwill. Sipcaddy is the leading bath beverage holder supplier on Amazon:



25. Sipcaddy has made a significant investment in its marketing and branding to establish itself as the market leader in its space. To this end, Sipcaddy

has obtained and protected five trademarks on its main product. Sipcaddy uses its marks in relation to all of its products.

26. Sipcaddy began using the SIPCADDY mark and the SHOWER BEER mark in commerce in 2014, and began selling its bath and shower beverage holder at the same time.

27. The Sipcaddy bath and shower beverage holder is specially-designed to hold both beer bottles, beer cans, and wine glasses.

28. It is the only bath and shower beverage holder designed to do this.

29. Defendants also sell bath and shower beer and wine holders but their products are not multi-use.

30. Defendants' bath and shower beer and wine holders entered the market no earlier than November 2017, three years after Sipcaddy's original product.

31. Sipcaddy applied for and received federal trademark registration 4,695,882 for SIPCADDY on March 3, 2015 in International Class 021 for "bath accessories, namely, cup holders." Exhibit 1.

32. Sipcaddy applied for and received federal trademark registration 5,328,120 on the Principal Register for SHOWER BEER in November 7, 2017 in International Class 021 for "bath accessories, namely, cup holders." Exhibit 2.

Implicit in the grant of registration on the Principal Register is that the mark is not descriptive for the goods.

33.    Sipcaddy has expended considerable sums of money to present its bath and shower beverage holder in a favorable and desirable light so as to promote sales of this product to customers.

34.    Sipcaddy sells its bath and shower beverage holder on sipcaddy.com, Amazon, Walmart.com, fancy.com, and etsy.com, among others.

35.    Indeed, Sipcaddy's products have received widespread recognition in national trade and consumer publications, including on NBC's Today Show, Buzzfeed, Cosmopolitan, and WGN, among others. Sipcaddy has also been endorsed by George Takei.

36.    Sipcaddy is the best and most reviewed bath and shower wine or beer holder on Amazon: it has over fifteen times as many reviews as Defendants' "sudski" product. Defendants'' "sipski" product has no reviews as the filing of this action.

37.    On or about September 15, 2018, it came to the attention of Sipcaddy that Defendants were infringing Sipcaddy's SHOWER BEER trademark and trading off its goodwill and reputation by offering a bath and shower beer holder that uses SHOWER BEER as a brand and as its marketing focus:



Exhibit 3.

38.    As this shows, Defendants' "sudski" product is marketed using Sipcaddy's SHOWER BEER trademark as the focal point of its packaging. Insofar as "sudski" is even used, perhaps as a brand, it is de-emphasized. The word, "holder" is also de-emphasized.

39.    Sipcaddy's SHOWER BEER trademark is the design aspect that Defendants' use in their packaging to draw consumers' attention to the product.

40.    Also, on or about September 15, 2018, it came to the attention of Sipcaddy that Defendants were infringing Sipcaddy's SIPCADDY trademark and

trading off its goodwill and reputation by offering bath and shower wine holder called the "sipski" that is confusingly similar to SIPCADDY. Exhibit 4.

41.   Both the "sipski" and Sipcaddy use the word "sip" as the salient aspect of their name, and both end with a long "e" sound.

42.   In fact, Defendants could have used almost any other word to refer to their competing "sipski" product but intentionally chose "sip" to pair with "ski" for a sound-alike name.

43.   Following their marketing of "sudski" it would be more consistent for Defendants to call their product the "wineski" or "vinski" or "vinoski" instead of imitating the market leading Sipcaddy.

44.   A search on Amazon of "sip" and "wine" returns results for wine glasses and the Sipcaddy. No other bath and shower wine holders are listed:



45.     The "sipski" bath and shower wine holder is confusingly similar in appearance to the Sipcaddy bath and shower beverage holder:



46.     Both are clear plastic cups that are affixed to the wall of a bath or shower.

47.     Both the "sipski" and Sipcaddy are sold and marketed in the same channels of commerce.

48.     The degree of consumer care in choosing a novelty bath and shower beverage holder that costs less than thirty dollars is not high.

49.     While Sipcaddy's product is of superior quality, consumers are not likely to be aware of this based on the online marketing of the competing products.

50.     Recognizing the lack of consumer care, Defendants intentionally mimicked Sipcaddy's packaging for its "sipski" product.

51.     Defendants' chose to use teal as its main non-white color and dominant color on its packaging.

52.     This choice copies the teal tissue and logo color of Sipcaddy – the original and competing product that has been on the market for four years longer.



53.     Sipcaddy's use of teal in its packaging is inherently distinctive, and is part of Sipcaddy's overall branding and source identification.

54.     Defendants' actions are intended to divert customers of Sipcaddy's business to themselves.

55.     The uses of Sipcaddy's trademarks by Defendants is without the consent of Sipcaddy and damages Sipcaddy in its business and reputation by means of lost sales and diminution of goodwill and business reputation.

56.     Sipcaddy sent 30 Watt Holdings a cease and desist letter on September 19, 2018.

57.     Sipcaddy sent Tooletries/Journeyman Designs a cease and desist letter on September 24, 2018. Exhibit 5, attached hereto.

58.     Counsel for Tooletries acknowledged receipt of Sipcaddy's cease and desist letter on October 8, 2018 and clarified that Tooletries Pty. Ltd was the correct name of the business. Exhibit 6, attached hereto.

59.     Defendants refused to cease and desist from their infringing uses of Sipcaddy's registered trademarks.

60.     Defendants continue to knowingly violate Sipcaddy's trademark rights and unfairly compete by trading off Sipcaddy's goodwill and reputation.

61.     Because Defendants' inferior products cannot compete with Sipcaddy, Defendants resorted to trademark infringement and unfair competition in an unlawful attempt to undermine Sipcaddy's market share.

62.     The conduct of Defendants is deliberate and intentional, and intended to enrich Defendants and harm and damage Sipcaddy.

63.     Tooletries has gone so far as to deny that it sells its products directly in the United States, when this is demonstrably false.

64.     Tooletries's counsel stated in writing on October 16, 2018 that it does not sell directly to the United States. Exhibit 7, attached hereto. ("Secondly, such use clearly relates to products offered for sale in Australia, not in the United States.")

65.     Tooletries' website, www.journeymandesigns.com.au/shop, explicitly referred to in Exhibit 7, specifically solicits sales from the United States as of at least November 9, 2018.





66.     Tooletries' knowingly false statement that it does not sell directly to the United States demonstrates bad faith and egregious infringement of Sipcaddy's trademark rights.

67.     Defendants' infringement of Sipcaddy's trademarks and trading off its goodwill and reputation by offering a bath and shower beer holder that uses SHOWER BEER as its brand and marketing focus is likely to cause confusion, mistake and deceive third parties as to the affiliation, connection or association of Defendants with Sipcaddy and as to whether or not Sipcaddy has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.

68.     Defendants' infringement of Sipcaddy's trademarks and trading off its goodwill and reputation by offering a bath and shower wine holder called the "sipski" that is confusingly similar to SIPCADDY, use of a confusingly similar design, and use of confusingly similar packaging is likely to cause confusion, mistake and deceive third parties as to the affiliation, connection or association of Defendants with Sipcaddy and as to whether or not Sipcaddy has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.

69.     The conduct of Defendants has occurred in, continues to occur in, and has caused damage to Sipcaddy in this District and elsewhere.

### COUNT I
### TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114 (LANHAM ACT § 32)
### REGISTRATION NO. 4,695,882

70.     Sipcaddy incorporates Paragraphs 1 to 69 as if fully stated herein.

71.     Sipcaddy is the sole and exclusive owner of the SIPCADDY trademark with registration number 4,695,882 in International Class 021 for "bath accessories, namely, cup holders."

72.     Through the marketing, operation, and licensing activities of Sipcaddy related to its bath and shower beverage holder under the SIPCADDY mark, the mark and the services and goodwill associated therewith have become well known to the general public.

73.     The mark distinguishes Sipcaddy, its products, and the goodwill associated therewith from that of its competitors, including Defendants.

74.     Section 32 of the Lanham Act (15 U.S.C. § 1114) precludes the use in commerce of any copy, counterfeit, or colorable imitation of a registered mark in connection with the sale or offering for sale of goods and services likely to cause consumer confusion.

75.     Defendants' use of "sipski" as the name of its bath and shower wine holder, constitutes an infringement of Sipcaddy's trademark rights to SIPCADDY under the Lanham Act because these two marks are confusingly similar.

76.     Defendants' infringement is without license from or permission by Sipcaddy.

77.     Through its infringement, Defendants have caused and will continue to cause confusion in the marketplace and mislead the public into believing that their products are associated with, or connected to, Sipcaddy, thereby depriving Sipcaddy of the goodwill attached to its products.

78.     Defendants' infringement in the same industry as Sipcaddy is wrongful, and on information and belief, intentional and done in deliberate and knowing disregard of Sipcaddy's exclusive ownership rights.

79.    Despite its direct, actual knowledge of Sipcaddy's mark through the cease and desist letter, Defendants willfully persist in reaping the benefits of their infringement.

80.    Tooletries has gone so far as to deny selling its products directly in the United States when this is demonstrably false.

81.    Tooletries stated in writing on October 16, 2018 that it does not sell directly to the United States. Tooletries' website specifically solicits sales from the United States as of November 8, 2018.

82.    Tooletries' knowingly false statement that it does not sell directly to the United States demonstrates bad faith and egregious infringement of Sipcaddy's trademark rights.

83.    Defendants' actions have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Sipcaddy for which Sipcaddy has no adequate remedy at law.

84.    Defendants' willful and defiant disregard of the cease and desist letter and willful and continued use of a name confusing similar to Sipcaddy's make this case an exceptional case for which an award of Sipcaddy's reasonable attorneys' fees and exemplary damages is warranted.

## COUNT II
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114 (LANHAM ACT § 32)
## REGISTRATION NO. 5,328,120

85.    Sipcaddy incorporates Paragraphs 1 to 84 as if fully stated herein.

86.    Sipcaddy is the sole and exclusive owner of the SHOWER BEER trademark with registration number 5,328,120 in International Class 021 for "bath accessories, namely, cup holders."

87.    Through the marketing, operation, and licensing activities of Sipcaddy related to its bath and shower beverage holder under the marks, the mark and the services and goodwill associated therewith have become well known to the general public.

88.    The mark distinguishes Sipcaddy, its products, and the goodwill associated therewith from that of its competitors, including Defendants.

89.    Section 32 of the Lanham Act (15 U.S.C. § 1114) precludes the use in commerce of any copy, counterfeit, or colorable imitation of a registered mark in connection with the sale or offering for sale of goods and services likely to cause consumer confusion.

90.    Defendants' use of SHOWER BEER as the brand and focal point of its marketing for its "sudski" bath and shower beer holder constitutes an infringement of Sipcaddy's trademark rights to SHOWER BEER under the

Lanham Act. Defendants' use of the term is as a brand and as an infringement of Sipcaddy's non-descriptive mark.

91.     Defendants' infringement is without license from or permission by Sipcaddy.

92.     Through its infringement, Defendants have caused and will continue to cause confusion in the marketplace and mislead the public into believing that their products are associated with, or connected to, Sipcaddy, thereby depriving Sipcaddy of the goodwill attached to its products.

93.     Defendants' infringement in the same industry as Sipcaddy is wrongful, and on information and belief, intentional and done in deliberate and knowing disregard of Sipcaddy's exclusive ownership rights.

94.     Despite its direct, actual knowledge of Sipcaddy's marks through the cease and desist letter, Defendants willfully persist in reaping the benefits of their infringement.

95.     Tooletries has gone so far as to deny selling its products directly in the United States when this is demonstrably false. Tooletries stated in writing on October 16, 2018 that it does not sell directly to the United States.

96.     Tooletries' website specifically solicits sales from the United States as of November 8, 2018.

97.   Tooletries' knowingly false statement that it does not sell directly to the United States demonstrates bad faith and egregious infringement of Sipcaddy's trademark rights.

98.   Defendants' actions have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Sipcaddy for which Sipcaddy has no adequate remedy at law.

99.   Defendants' willful and defiant disregard of the cease and desist letter and willful and continued use of a name confusing similar to Sipcaddy's make this case an exceptional case for which an award of Sipcaddy's reasonable attorneys' fees and exemplary damages is warranted.

### COUNT III
### UNFAIR COMPETITION
### 15 U.S.C. § 1125 (LANHAM ACT § 43)
### "SIPSKI"

100.   Sipcaddy incorporates Paragraphs 1 to 99 as if fully stated herein.

101.   Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any word, term or name likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

102.   Defendants' use of the "sipski" name in connection with a confusingly similar bath and shower wine holder with a confusingly similar design using confusingly similar packaging to that offered by Sipcaddy constitutes infringement

of Sipcaddy's rights and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendants' products in violation of 15 U.S.C. § 1125.

103.   The unlawful activities of Defendants complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Sipcaddy for which Sipcaddy has no adequate remedy at law.

104.   On information and belief, Defendants deliberately adopted the use of the "sipski" name with a bad faith intent to trade upon the goodwill established by Sipcaddy.

105.   The above statements coupled with Defendants' willful and defiant disregard of the cease and desist letter makes this case an exceptional case for which an award of Sipcaddy's reasonable attorneys' fees and exemplary damages is warranted.

### Count IV
### Unfair Competition
### 15 U.S.C. § 1125 (Lanham Act § 43)
### SHOWER BEER

106.   Sipcaddy incorporates Paragraphs 1 to 105 as if fully stated herein.

107.   Section 43 of the Lanham Act (15 U.S.C. § 1125) precludes the use in commerce of any word, term or name likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

108.   Defendants' use of the SHOWER BEER mark as the brand and focal point of the marketing of their "sudski" product in connection with their bath and shower beer holder to constitutes infringement of Sipcaddy's rights in SHOWER BEER and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendants' products in violation of 15 U.S.C. § 1125.

109.   The unlawful activities of Defendants complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Sipcaddy for which Sipcaddy has no adequate remedy at law.

110.   On information and belief, Defendants deliberately adopted the use of SHOWER BEER focal point branding with a bad faith intent to trade upon the goodwill established by Sipcaddy.

111.   The above statements coupled with Defendants' willful and defiant disregard of the cease and desist letter makes this case an exceptional case for which an award of Sipcaddy's reasonable attorneys' fees and exemplary damages is warranted.

### COUNT V
### MICHIGAN CONSUMER PROTECTION ACT
### M.C.L.A. 445.900, *et seq.*

112.   Sipcaddy incorporates Paragraphs 1 to 111 as if fully stated herein.

113.   Section 903 of the Michigan Consumer Protection Act provides in relevant part:

> Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> (a)   Causing a probability of confusion or misunderstanding as the source, sponsorship, approval, or certification of goods or services;
> ….
> (c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have;

M.C.L.A. § 445.903

114.   Defendants' use of a name confusingly similar to SIPCADDY in relation to their "sipski" bath and shower wine holder product that has a confusingly similar product design and is shipped in confusingly similar packaging is a violation of the Michigan Consumer Protection Act.

115.   Defendants' use of Sipcaddy's trademark for SHOWER BEER as the brand and focal point of their marketing of their "sudski" bath and shower beer holder is a violation of the Michigan Consumer Protection Act.

116.   Defendants' violations have caused actual and ascertainable damages to Sipcaddy in an amount yet to be fully established.

117.   Defendants' violations were at all times intentional and willful as stated herein.

## COUNT VI
## TRADEMARK CANCELLATION
## 15 U.S.C. § 1064 (LANHAM ACT § 14)

118.   Sipcaddy incorporates Paragraphs 1 to 117 as if fully stated herein.

119.   Since 2014, Sipcaddy has produced, sold, and distributed bath and shower beverage holders throughout the United States under its SIPCADDY mark.

120.   Sipcaddy owns U.S. Registration No. 5,460,777 for SIPCADDY filed on August 15, 2017, in International Class 021 for "bath accessories, namely, cup holders."

121.   On or about May 14, 2018, 30 Watt Holdings filed a trademark application for SIPSKI, which has U.S. Application Serial No. 87920605 in International Class 021 for "bath accessories, namely, cup holders."

122.   This application was allowed on September 18, 2018, and, on information and belief, 30 Watt Holdings filed a Statement of Use on September 26, 2018.

123.   On information and belief, 30 Watt Holdings has been using the SIPSKI mark in commerce in connection with bath and shower wine holder product only since September 18, 2018.

124.   Sipcaddy has expended considerable sums of money to present its bath and shower beverage holder in a favorable and desirable light so as to promote sales of this product to customers.

125.  Sipcaddy sells its bath and shower beverage holder on sipcaddy.com, Amazon, Walmart.com, fancy.com, and etsy.com, among others.

126.  Indeed, Sipcaddy's products have received widespread recognition in national trade and consumer publications, including on NBC's Today Show, Buzzfeed, Cosmopolitan, WGN, among others. Sipcaddy has also been endorsed by George Takei.

127.  Sipcaddy is the best and most reviewed bath and shower wine or beer holder on Amazon. Defendants "sipski" product has no reviews.

128.  The SIPCADDY mark is recognized and relied on by consumers as identifying Sipcaddy's goods and services and as distinguishing them from the goods and services of others, including 30 Watt Holdings, and have come to represent and symbolize Sipcaddy's valuable goodwill.

129.  When 30 Watt Holdings filed its registration for SIPSKI, it did so with the intent to tradeoff of the goodwill of Sipcaddy and its SIPCADDY mark by using a confusingly similar name to Sipcaddy's already established bath and shower wine holder.

130.  30 Watt Holdings' use of a confusingly similar name for a competing bath and shower wine holder product will harm Sipcaddy through the loss of its goodwill and potential lost sales through consumer confusion.

131.   Section 14 of the Lanham Act (15 U.S.C. § 1064) allows for the cancellation of a registration for a trademark that is likely to cause consumer confusion with a prior registered trademark.

132.   30 Watt Holdings' SIPSKI mark is likely to cause consumer confusion with Sipcaddy's prior SIPCADDY trademark.

<u>**COUNT VII**</u>
<u>**COMMON LAW UNFAIR COMPETITION**</u>

133.   Sipcaddy incorporates Paragraphs 1 to 132 as if fully stated herein.

134.   Defendants' use of a name confusingly similar to Sipcaddy for its "sipski" bath and shower wine holder that has a confusingly similar design and is shipped in confusingly similar product packaging without Sipcaddy's consent:

   i.    was an attempt to pass off Defendants' products as those of Sipcaddy;

   ii.   caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendants' "sipski" product;

   iii.  caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendants and Sipcaddy; and/or

   iv.   created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the products of Defendants and those of Sipcaddy.

135. Defendants' use of SHOWER BEER as the marketing focus of its "sudski" bath and shower beer holder without Sipcaddy's consent:

i.   was an attempt to pass off Defendants' products as those of Sipcaddy;

ii.  caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendants' products;

iii. caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendants and Sipcaddy; and/or

iv.  created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the products of Defendants and those of Sipcaddy.

136. Defendants have intentionally and willfully engaged in unfair competition in that Defendants' use of a name confusingly similar to Sipcaddy to provide the same products as Sipcaddy creates confusion in the public mind, and misappropriates Sipcaddy's rights and the goodwill it has established, all to the irreparable injury of Sipcaddy.

137. Defendants' infringement constitutes inequitable pirating of the fruits of Sipcaddy's labor and constitutes unfair competition in violation of Michigan common law.

138.   On information and belief Defendants' acts of unfair competition were done knowingly, intentionally and willfully.

139.   Defendants' infringement has caused, and will continue to cause, Defendants to engage in unfair competition with Sipcaddy unless enjoined by this Court.

140.   Defendants' infringement has caused and, unless restrained and enjoined, will continue to cause irreparable harm, damages and injury to Sipcaddy for which Sipcaddy has no adequate remedy at law.

WHEREFORE, Sipcaddy prays as follows:

1. That the Court enter judgment in favor of Sipcaddy against Defendants 30 Watt Holdings, Tooletries, LLC, and Tooletries Pty Ltd. for all damages proximately caused by Defendants, jointly and severally, and further award Sipcaddy its attorney fees and costs incurred in the prosecution of this action;

2. That the Court find that Defendants 30 Watt Holdings, Tooletries, LLC, and Tooletries Pty Ltd. have violated 15 U.S.C. § 1114 and grant Sipcaddy preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a)(c) consisting of Defendants 30 Watt Holdings, Tooletries, LLC, and Tooletries Pty Ltd.'s profits, any damages sustained by Sipcaddy and the cost of the action; said amount to

be trebled; that the Court award Sipcaddy its attorney fees; that the Court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the Court in the alternative, if elected by Sipcaddy, award statutory damages against Defendants 30 Watt Holdings, Tooletries, LLC, and Tooletries Pty Ltd.;

3.  That the Court find that Defendants 30 Watt Holdings and Tooletries Pty Ltd. have violated 15 § U.S.C. 1125(a) and grant Sipcaddy preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a)(c) consisting of Defendants 30 Watt Holdings and Tooletries Pty Ltd.'s profits, any damages sustained by Sipcaddy and the cost of the action; said amount to be trebled; that the Court award Sipcaddy its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

4.  That the Court find that Defendants 30 Watt Holdings, Tooletries, LLC, and Tooletries Pty Ltd. have violated M.C.L.A. 445.900 *et seq*. and grant Sipcaddy preliminary and permanent injunctive relief together with such damages as are proven at trial; and that the Court award Sipcaddy its attorney fees and costs;

5.  That the Court cancel Defendant 30 Watt Holdings' trademark for SIPSKI as confusingly similar to Sipcaddy's SIPCADDY trademark

pursuant to 15 U.S.C. § 1064; and

6. That the Court award such other and further relief as it deems just and equitable.

## **JURY DEMANDED ON ALL TRIABLE ISSUES**

Dated: November 12, 2018

Respectfully submitted,

Tech and Goods, Inc.

By:   /s/ *Joseph W. Barber*

Andrew M. Grove (P48868)
Joseph W. Barber (P82728)
HOWARD & HOWARD ATTORNEYS
450 W. Fourth Street
Royal Oak, Michigan 48067
(248) 645-1483
jgrove@howardandhoward.com
jwbarber@howardandhoward.com
4814-8304-1913, v. 4