# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| TECH AND GOODS, INC., | Case No. 18-cv-13516-SJM-RSW |
| **Plaintiff,** | **30 WATT HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE; AND FOR ATTORNEY FEES** |
| –v– | |
| **30 WATT HOLDINGS, INC.,[1] a Minnesota corporation, TOOLETRIES, LLC, a Delaware limited liability company, and TOOLETRIES PTY. LTD., an Australian company,** | |
| **Defendants.** | **Judge:** Hon. Stephen J. Murphy, III |

Defendant 30 Watt Holdings, Inc. ("30 Watt") hereby moves to dismiss Plaintiff Tech and Goods, Inc.'s ("Plaintiff") complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer for improper venue pursuant to 28 U.S.C. § 1406(a) or, in the alternative, to transfer for convenience pursuant to 28 U.S.C. § 1404(a) on the following grounds:

1. Personal jurisdiction does not exist against 30 Watt in this district because 30 Watt lacks sufficient contacts with the State of Michigan to justify

---

[1] Plaintiff erroneously identifies 30 Watt Holdings, Inc. as an LLC.

exercising personal jurisdiction over it in this forum. Further basis for the motion to dismiss for lack of personal jurisdiction is explained in the attached brief.

2.    Venue is improper in this district under the first-to-file rule because 30 Watt previously filed a substantially similar case against Plaintiff in the District of Minnesota.  In the interest of judicial economy and to avoid duplicative litigation, Plaintiff's claims – which it could have filed as a counterclaim in the prior action – must be dismissed.  Moreover, venue is improper because 30 Watt does not reside in this district and does not have a regular and established place of business in this district. Further basis for the motion to dismiss for improper venue is explained in the attached brief.

3.    Alternatively, 30 Watt submits that this matter should be transferred to the District of Minnesota because venue is improper, as stated above, or, in the alternative, for convenience based on the residence of the parties and witnesses, location of records, locus of operative facts, judicial economy, and fairness, and in the interest of justice based on the totality of the circumstances.

4.    30 Watt also requests attorney fees under the court's inherent powers and 28 U.S.C § 1927 because Plaintiff filed this action in bad faith, harassingly, vexatiously and to needlessly obstruct the litigation of prior-filed, nonfrivolous claims. Further basis for the motion for attorney fees is explained in the attached brief.

Pursuant to Local Rule 7.1, undersigned counsel contacted Plaintiff's counsel on December 4, 2018, explained the basis for the motion and sought concurrence in the relief requested.  Concurrence was not obtained.

WHEREFORE, 30 Watt respectfully requests that this Court enter an order (i) dismissing the case, or, in the alternative, (ii) transferring it to the District of Minnesota, and (iii) awarding attorney fees to 30 Watt.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

Date:  December 6, 2018         By:   */s/ David S. McDaniel*
                                      David S. McDaniel (P56994)
                                      535 W. William St., Suite 400S
                                      Ann Arbor, MI 48103
                                      (734) 222-4776
                                      dmcdaniel@jaffelaw.com

                                      *Counsel for 30 Watt Holdings, Inc.*

3

## BRIEF IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................ **ii**

ISSUES PRESENTED.................................................................... **iii**

CONTROLLING AUTHORITY.........................................................**iv**

MEMORANDUM IN SUPPORT ........................................................**1**

    I.  Introduction .........................................................................**1**

    II.  Facts and Procedural History .................................................**3**

    III.  This Court Does Not Have Personal Jurisdiction Over 30 Watt .............**7**

        A.    General Principles Regarding Personal Jurisdiction.......................**7**

        B.    No Basis Exists for General Personal Jurisdiction Over 30 Watt ..................................................................**8**

        C.    No Basis Exists for Limited Personal Jurisdiction Over 30 Watt ..................................................................**10**

    IV.  First to File Rule Merits Dismissal of this Action. .................................**14**

    V.  Venue is Improper, Requiring Dismissal or Transfer. ..........................**18**

    VI.  Alternatively, This Action Should be Transferred for Convenience. ........................................................................**20**

    VII. 30 Watt is Entitled to Attorney Fees And Sanctions ..........................**24**

    VIII. CONCLUSION.................................................................**25**

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                      **Page(s)**

*In re Am. Med. Sys., Inc.*,
   75 F.3d 1069 (6th Cir. 1996) ...............................................................15

*Baatz v. Columbia Gas Transmission, LLC*,
   814 F.3d 785 (6th Cir. 2016) ..................................... vii, 15, 16, 17

*Barber-Greene Co. v. Blaw-Knox Co.*,
   239 F.2d 774 (6th Cir. 1957) ...............................................................15

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*,
   768 F.3d 499 (6th Cir. 2014) .........................................................13, 14

*Bridgeport Music, Inc. v. Still N the Water Pub.*,
   327 F.3d 472 (6th Cir. 2003) ...............................................................11

*Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cty.*,
   137 S. Ct. 1773 (2017)...................................................................7, 8

*Cahen v. Toyota Motor Corp.*,
   147 F. Supp. 3d 955 (N.D. Cal. 2015) ............................................9

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*,
   511 F.3d 535 (6th Cir. 2007) ...............................................................15

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ......................................................20

*Daimler Ag v. Bauman*,
   134 S. Ct. 746 (2014).....................................................................8, 9

*Dowling v. Richardson-Merrell, Inc.*,
   727 F. 2d 608 (6th Cir. 1984) ...............................................................23

*Family Wireless #1, LLC v. Auto. Tech., Inc.*,
   2015 WL 5142350 (E.D. Mich., Sept. 1, 2015) ..................................9

*First Bank of Marietta v. Hartford Underwriters*,
   307 F.3d 501 (6th Cir. 2002) ................................................... vii, 24

*First of Michigan Corp. v. Bramlet*,
  141 F.3d 260 (6th Cir. 1998) .................................................................19

*Goya Foods, Inc. v. Tropicana Prods., Inc.*,
  846 F.2d 848 (2d Cir. 1988) ..................................................................17

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ............................................................22

*In re Horseshoe Ent.*,
  337 F3d 429 (5th Cir. 2003) ..................................................................22

*In Trintec Indus. v. Pedre Promotional Prods.*,
  395 F.3d 1275 (Fed. Cir. 2005) ............................................................11

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*,
  119 F. Supp. 2d 433 (S.D.N.Y. 2000) ..................................................22

*Jones v. Cont'l. Corp.*,
  789 F.2d 1225 (6th Cir. 1986) .........................................................24, 25

*Keeley v. Pfizer, Inc.*,
  2015 WL 3999488 (E.D. Mo., Jul. 1, 2015)...........................................9

*LAK, Inc. v. Deer Creek Enters.*,
  885 F.2d 1293 (6th Cir. 1989) ..................................................8, 10, 11

*In re Link _A_Media Devices Corp.*,
  662 F.3d 1221, 1223 (Fed. Cir. 2011) ..................................................23

*Merryman v. JPMorgan Chase Bank, NA*,
  2015 WL 7308666 (W.D. Ark., Nov. 19, 2015)......................................9

*Miller v. AXA Winterthur Ins. Co.*,
  694 F. 3d 675 (6th Cir. 2012) .........................................................10, 11

*MLS Nat. Med. Evaluation Svcs., Inc. v. Templin*,
  812 F. Supp. 2d 788 (E.D. Mich. 2011) ..........................................13, 14

*Moses v. Bus. Card Express, Inc.*,
  929 F.2d 1131 (6th Cir.1991) ...............................................................21

iii

*Neogen Corp. v. Neo Gen Screening, Inc.*,
    282 F.3d 883 (6th Cir. 2002) ..................................................................12, 13

*Others First*, 2014 WL 6455662, *10 .................................................................14

*Overland, Inc. v. Taylor*,
    79 F.Supp.2d 809 (E.D. Mich. 2000) ..................................................21

*Perceptron, Inc. v. Silicon Video, Inc.*,
    423 F.Supp.2d 722 (E.D. Mich. 2006) ..............................................21

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ................................................................................23

*Smith v. M'Iver*,
    22 U.S. 532 (1824) ................................................................................15

*Smith v. SEC*,
    129 F.3d 356 (6th Cir. 1997) ..............................................................15

*Solomon v. Cont'l Am. Life Ins. Co.*,
    472 F.2d 1043 (3d Cir. 1973) ............................................................22

*Sports Auth. Mich., Inc. v. Justballs, Inc.*,
    97 F. Supp. 2d 806 (E.D. Mich. 2006) ..............................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ..........................................................................20

*Twaddle v. Diem*,
    200 F. App'x 435 (6th Cir. 2006) ......................................................16

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ..............................................................................21

*Vasquez v. Wells Fargo Bank, Nat'l Ass'n*,
    77 F. Supp. 3d 911 (N.D. Cal. 2015) ................................................22

*Youn v. Track, Inc.*,
    324 F.3d 409 (6th Cir. 2003) ..............................................................10

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................... vii, 7, 14

Fed. R. Civ. P. 12(b)(3)............................................................................ vii, 19

Local Rule 7.1 ...........................................................................................3

**Statutes**

28 U.S.C. § 1391(b) ................................................................................19

28 U.S.C. § 1400(b) ..........................................................................vii, 20

28 U.S.C. § 1404(a) ................................................................1, vii, 21, 22

28 U.S.C. § 1406(a) ........................................................................... 1, vii

28 U.S.C § 1927...........................................................................2, vii, 24

Michigan Consumer Protection Act...........................................................6

## Issues Presented

1.      Does the Court have personal jurisdiction over Defendant 30 Watt

Holdings, Inc.?

        30 Watt's Position: This Court does not have personal jurisdiction

        over 30 Watt because it does not reside in this district and the claims

        against it do not arise out of contacts with the State of Michigan;

        therefore, the complaint should be dismissed as against 30 Watt.

2.      Should this case be dismissed for improper venue, or alternatively,

transferred to the United States District Court for the District of Minnesota?

        30 Watt's Position: Because the same claims have already been

        asserted in a prior action filed in the District of Minnesota, and the

        District of Minnesota is a more convenient venue, this case should be

        dismissed for improper venue, or, alternatively, transferred to the

        District of Minnesota.

3.      Does this Court have the authority to award attorney fees?

        30 Watt's Position: Because Plaintiff filed this action in bad faith,

        harassingly, vexatiously and to needlessly obstruct the litigation of

        prior-filed, nonfrivolous claims, 30 Watt should be awarded its

        reasonable attorney fees in bringing this motion.

<u>**MEMORANDUM IN SUPPORT**</u>

## I.   <u>Introduction</u>

Plaintiff Tech and Goods, Inc. ("Plaintiff") and Defendant 30 Watt

Holdings, Inc. ("30 Watt") sell competing goods: bath accessories that hold beer or

wine to be consumed in the shower.  Both parties sell these goods on Amazon.

Several other competitors sell similar products, and nearly all use the widely-used

and well-known term "shower beer" to describe their goods.

Last year, Plaintiff registered the trademark "shower beer" in an improper

attempt to claim rights to this highly descriptive term; in what appears to be

administrative oversight, the Trademark Office erroneously issued a registration

certificate.  Plaintiff now seeks to limit competitive goods in the marketplace by

filing complaints with Amazon to remove competitive goods that use "shower

beer" *descriptively*, including 30 Watt's listings, which have since been removed.

Plaintiff's misuse of its trademarks is causing significant lost sales for 30 Watt.

In response to these meritless complaints, 30 Watt immediately contacted

Plaintiff requesting that it retract the Amazon complaints, since the term "shower

beer" is descriptive, generic and not entitled to registration. Plaintiff refused. Since

both parties are embarking on the critical peak holiday retail "season," 30 Watt

filed a Petition to Cancel the generic registration. 30 Watt also filed a complaint in

the District of Minnesota, where 30 Watt resides, requesting declaratory relief that

it was not infringing Plaintiff's trademarks or patents (which Plaintiff alleged in prior correspondence, despite the obvious differences in patents and products). 30 Watt also sought damages for lost sales caused by Plaintiff's acts of unfair competition, unlawful and deceptive trade practices and tortious interference with business and contractual relations with Amazon and 30 Watt's manufacturer.

In recent correspondence, Plaintiff added another meritless claim: that 30 Watt's use of SIPSKI for cup holder bath accessories infringed its SIPCADDY trademark based on shared use of "SIP," despite the fact that there are *over 100 registered marks* that use "SIP" for similar goods (and thus it is entitled to a narrow scope of protection) and the wording is clearly descriptive as it relates to *any* beverage container. 30 Watt included this in its request for declaratory relief.

In an improper and vexatious attempt to require 30 Watt to defend itself in another forum, *where neither party resides*, Plaintiff filed this action. Plaintiff's claims here are the mirror-image of claims asserted in the Minnesota action: both cases involve the same nucleus of operative facts and substantially similar claims. *Plaintiff itself concedes this*. While Plaintiff adds 30 Watt's manufacturer as a party, it should have been joined in the Minnesota action and its addition as a party adds nothing to the substance of the dispute. Plaintiff's flagrant disregard of jurisdictional laws and the first-to-file rule are a waste of 30 Watt's and the Court's resources. 30 Watt thus respectfully requests that this Court dismiss this matter,

or, alternatively, transfer the matter to the District of Minnesota where the dispute has already been submitted for adjudication.

## II.     <u>Facts and Procedural History</u>

30 Watt is a seven (7) employee corporation organized and existing under the laws of Minnesota.  *See* **Ex. 1**, Decl. of Ryan Walther ("Walther Decl.") ¶¶ 3, 7.  30 Watt's sole place of business is located in Minneapolis.  *Id*. ¶ 4. Since 2009, 30 Watt (or its predecessor 30 Watt, LLC) has produced, sold, and distributed comedic themed products, including glassware, beverage containers, bottle openers and gift boxes, among other products, throughout the United States.  *Id*. ¶ 16.

In 2017, 30 Watt launched a product called SUDSKI that is primarily used to hold beer cans or bottles in the shower or bath.  *Id*. ¶ 17.  30 Watt owns a federal trademark registration (U.S. Reg. No. 5460777) for SUDKSI for "bath accessories, namely, cup holders."  *Id*. ¶ 18.  30 Watt uses the wording "shower beer holder" below its brand name on packaging to describe the goods.  *Id*. ¶ 17.

In 2018, 30 Watt launched a product called SIPSKI that is primarily used to hold wine glasses in the shower or bath.  *Id*. ¶ 20. 30 Watt owns a federal trademark registration (U.S. Reg. No. 5624272) for SIPSKI for "bath accessories, namely, cup holders." *Id*. ¶ 21.  Since release, 30 Watt's SIPSKI and SUDSKI products have received widespread recognition in national publications, including People, Food Network, Country Living, among others. *Id*. ¶ 22.

In 2017, Plaintiff registered trademarks for SHOWER BEER, SHOWERBEER, SHOWER WINE, SHOWERWINE, BATH WINE, and BATHWINE (U.S. Reg. Nos. 5328120, 5259338, 5259509, 5259508, 5259507, 5259506, collectively the "Disputed Marks") for cup holders, in a misguided attempt to claim exclusive rights to these descriptive terms, and likely due to a rise of competing goods that were already in use (*e.g.*, Shakoolie Shower Beer Holder and Shower Beer Buddy). *Id*. ¶ 19. Surprisingly, and likely due to Examiner oversight, the USPTO issued registrations for the Disputed Marks.

In an effort to attack competitive goods, Plaintiff filed complaints with Amazon asserting that third party goods infringed its SHOWER BEER trademark, including two complaints in September 2018 against 30 Watt's SUDSKI products. *Id*. ¶ 30. In line with its administrative take-down procedures, Amazon removed 30 Watt's listings, causing, and continuing to cause, significant lost sales. *Id*.

Immediately thereafter, 30 Watt requested that Plaintiff retract its meritless complaints. *Id*. ¶ 32. Plaintiff refused. Instead, Plaintiff sent correspondence to 30 Watt and its manufacturer, Tooletries, alleging that sales of SUDSKI and SIPSKI products infringed its trademarks and patents. *Id*. ¶ 31, 33. Plaintiff filed more complaints with Amazon, including duplicate complaints against listings that Amazon had properly re-instated following 30 Watt's requests. *Id*. ¶ 34.

Given Plaintiff's refusal to withdraw the Amazon complaints to keep 30

-4-

Watt's products unlisted during *critical* sales season, 30 Watt promptly filed a Petition to Cancel Plaintiff's registrations for SHOWER BEER, SHOWERBEER, SHOWER WINE and SHOWERWINE on grounds that the marks were descriptive and generic and thus not entitled to registration. *Id*. ¶ 35. Plaintiff has since moved to stay the proceeding; in its motion, Plaintiff itself admits that "the ***civil actions involve the same parties, involve the same respective marks, and involve the same claims and defenses***." *Id*. ¶ 37, Ex. I (emph. added).

On October 10, 2018, 30 Watt also filed a complaint against Plaintiff in the District of Minnesota, Case No. 18-cv-03013, seeking declaratory relief that it does not infringe Plaintiff's trademarks or patents and monetary damages for lost sales caused by Plaintiff's acts of unfair competition, unlawful and deceptive trade practices and tortious interference with 30 Watt's business and contractual relations. *Id*. ¶ 36. The key issues in 30 Watt's complaint are: 1) 30 Watt's descriptive use of "shower beer holder" does not infringe any trademark rights claimed by Plaintiff; 2) 30 Watt's use of SIPSKI does not infringe the SIPCADDY mark; 3) 30 Watt's products do not infringe any patents; 4) Plaintiff's meritless complaints with Amazon and to 30 Watt's manufacturer and customers constitute unfair competition and unlawful and deceptive trade practices; and 5) Plaintiff tortiously interfered with 30 Watt's business relations and contractual relations.

In lieu of properly filing a counter-claim in the Minnesota action, Plaintiff

filed this action three weeks later in this District, *where neither party resides*.  The Michigan complaint alleges infringement of Plaintiff's SIPCADDY and SHOWER BEER marks and violations of Michigan Consumer Protection Act and unfair competition arising out of the use of these same marks. The Michigan complaint does ***not*** address any issue not already raised in the Minnesota complaint. Plaintiff also named 30 Watt's manufacturer, Tooletries, and its U.S. affiliate, although both entities could have been properly joined in the Minnesota action.

Plaintiff recently filed its first responsive pleading in the Minnesota case, a motion to dismiss under 12(b)(2) and (6).

Other than perhaps for its counsel's convenience, who resides in Michigan, Plaintiff has no legitimate basis to file suit in Michigan since Plaintiff does not reside or have any apparent business operations in this district.  In fact, Plaintiff's founder and CEO resides in Georgia and the company's principal place of business is a UPS Store in Georgia.  **Ex. 2**, Decl. of Daniel Reidy ("Reidy Decl.") ¶¶ 7-9.

30 Watt has even fewer ties to this district; indeed, it has none.  As discussed further herein, 30 Watt is a Minnesota corporation with a Minnesota place of business. Walther Dec. ¶¶ 3-4. 30 Watt has no principals or employees that reside in Michigan. *Id*. ¶¶ 8, 11. 30 Watt does not have an office in Michigan and is not otherwise registered to do business in Michigan.  *Id*. ¶¶ 9-10.

30 Watt has sold less than one hundred sixty (160) SUDSKI products and

less than seventy (70) SIPSKI products to customers in Michigan, and, with the exception of eight (8) products, all sales to customers in Michigan were through a third party retailer: Amazon. *Id*. ¶¶ 26-28. 30 Watt's gross revenues from sales in Michigan are less than $1800. *Id*. Other than these *de minimis and almost entirely indirect* sales, 30 Watt has no connections to Michigan at all. 30 Watt does not maintain any financial accounts in Michigan, nor does 30 Watt own or lease any real property in Michigan. *Id*. ¶¶ 12-13. 30 Watt has not consented to personal jurisdiction in Michigan and was served with process in California. Dkt. No. 5.

### III.   This Court does not have Personal Jurisdiction Over 30 Watt

This Court does not have personal jurisdiction over 30 Watt because it is a Minnesota corporation that maintains its only place of business in Minnesota, where all of its principals and employees are located, and it has not specifically directed the sale of any goods at issue in this District. Accordingly, dismissal of Plaintiff's complaint is warranted under Fed. R. Civ. P. 12(b)(2).

### A.   General Principles Regarding Personal Jurisdiction.

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of California*, *San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (citations omitted). For a corporation, "the paradigm forum for the exercise of general jurisdiction" is the State in which the corporation "is fairly regarded as at home." *Id*. (citations omitted). For specific jurisdiction to exist, the

lawsuit must arise out of or relate to the defendant's contacts with the forum. *Id*. "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id*. (citation omitted).

When a defendant challenges personal jurisdiction, the plaintiff has the burden of demonstrating that the court can exercise jurisdiction over the defendant. *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1299 (6th Cir. 1989). "[I]n the face of a properly supported motion to dismiss, the plaintiff may not stand on his pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Sports Auth. Mich., Inc. v. Justballs, Inc*., 97 F. Supp. 2d 806, 809 (E.D. Mich. 2006).

### B.   No Basis Exists for General Personal Jurisdiction over 30 Watt.

A corporation is "at home," and thus subject to general jurisdiction, in the State where it was incorporated and in the State where it has its principal place of business. *Daimler Ag v. Bauman*, 134 S. Ct. 746, 760 (2014). A court can exercise general jurisdiction over a corporation in a State other than where it was incorporated or where has its principal place of business ***only if*** its "'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home'" in that State. *Daimler*, 134 S. Ct. at 761 (citation omitted).

As stated above, 30 Watt is "at home" in Minnesota because it was

incorporated in Minnesota and its principal place of business is in Minnesota. Accordingly, for 30 Watt to be subject to general jurisdiction in Michigan, it must have "affiliations" with Michigan that are so "continuous and systematic" as to render it essentially at home in Michigan. No such circumstances exist here. 30 Watt's only affiliation with Michigan is that it sold a negligible number of products in Michigan, *primarily via a third party retailer*. Other than these *de minimis* sales, 30 Watt has no ties to the State of Michigan whatsoever. Consequently, there is no basis to exercise general jurisdiction over 30 Watt in this forum.

As *Daimler* and post-*Daimler* cases make clear, 30 Watt's mere product sales come nowhere close to making it at "home" in Michigan for jurisdictional purposes. *E.g., Daimler,* 134 S. Ct. at 761 (parent company with multiple facilities in California not "at home" in California); *see also Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 962-65 (N.D. Cal. 2015) (no general jurisdiction in California despite research center and 300+ employees); *Family Wireless #1, LLC v. Auto. Tech., Inc.,* 2015 WL 5142350, *4 (E.D. Mich., Sept. 1, 2015) (no general jurisdiction in Michigan despite franchisor registered in Michigan and sales to Michigan retailers); *Merryman v. JPMorgan Chase Bank, NA*, 2015 WL 7308666, *3 (W.D. Ark., Nov. 19, 2015) (no general jurisdiction in Arkansas despite lending activities, property ownership and other business activities in Arkansas); *Keeley v. Pfizer, Inc.*, 2015 WL 3999488, *2 (E.D. Mo., Jul. 1, 2015) (no general jurisdiction

in Missouri despite product sales in Missouri since "[s]imply marketing and selling a product in a state does not make a defendant's affiliations with the state so 'continuous and systematic as to render them [] at home in the forum state.'").

In these cases, contacts far more extensive than 30 Watt's were found to be insufficient to make the defendants "at home" in States other than where they were incorporated or had their primary places of business.  Ultimately, 30 Watt has no affiliations with this State besides limited sales, which alone cannot subject a party to jurisdiction. 30 Watt thus cannot be subject to general jurisdiction in this forum.

### C.     No Basis Exists for Limited Personal Jurisdiction over 30 Watt.

Specific jurisdiction "grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state." *Miller v. AXA Winterthur Ins. Co.*, 694 F. 3d 675, 679 (6th Cir. 2012).  The Sixth Circuit has set forth a three-part test for determining whether, consistent with due process, a court may exercise limited personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)); *see also LAK*, 885

F.2d at 1299; *Miller*, 694 F.3d at 680. Failure to meet any one of the three means that personal jurisdiction may not be invoked. *LAK*, 885 F.2d at 1303.

"Purposeful availment is more than a passive availment of the forum state's opportunities, it is a deliberate undertaking." *Bridgeport Music, Inc. v. Still N the Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003). Under Federal Circuit law, product sales through third party websites such as Amazon do not constitute purposeful availment and are not sufficient to establish personal jurisdiction. *See In Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275 (Fed. Cir. 2005) (a site would support jurisdiction only if the party had some responsibility for the third party's advertising of its products on the third party's site) (citations omitted).

30 Watt is a Minnesota corporation with its sole place of business in Minnesota. Walther Decl. ¶¶ 3-4. 30 Watt's CEO and seven employees all reside in Minnesota. *Id*. ¶¶ 5, 8. 30 Watt products are sold throughout the U.S. by national or local retailers, including online retailers such as Amazon. Less than two hundred fifty (250) SUDKSI or SIPSKI products, generating revenue of less than $1800, have been sold in Michigan. *Id*. ¶ 27. Further, with the exception of eight (8) units, all sales were through Amazon, over which 30 Watt *has no control*. *Id*. ¶ 28.

30 Watt has no other connections with Michigan; it does not have an office in Michigan, it does not have a resident agent in Michigan; it is not otherwise registered to do business in Michigan; it does not have any employees, managers

or officers in Michigan; it does not maintain any bank accounts in Michigan; it does not own or lease any real property in Michigan. *Id.* ¶¶ 10-15. 30 Watt has not consented to personal jurisdiction in Michigan and was served in California. *Id.* There is simply no specific nexus between this lawsuit and the State of Michigan that would justify exercising specific personal jurisdiction over 30 Watt.

Other than nakedly alleging that 30 Watt conducts business in Michigan, Plaintiff asserts no facts demonstrating a substantial connection, or any connection at all, between 30 Watt's alleged infringement and the State of Michigan.  Plus, 30 Watt has not specifically directed any SUDSKI or SIPSKI sales in Michigan. In fact, 30 Watt has not sold ***any*** SIPSKI product directly to Michigan consumers and only a handful of SIPSKI products (8 units) to Michigan consumers via its website. The remaining sales were through third party retailers, including Amazon, a Delaware corporation headquartered in Washington. Reidy Decl. ¶ 11.

Plaintiff also alleges that 30 Watt "maintains interactive websites." Dkt. No. 1 ¶ 21. Under limited circumstances, maintenance of an interactive website can support a finding of specific jurisdiction.  *See, e.g., Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 890 (6th Cir. 2002).  However, Plaintiff's claims have nothing to do with 30 Watt's website.  Nor can they since there were *no* SIPSKI sales in Michigan using 30 Watt's website and any online SUDSKI sales were "random, fortuitous and attenuated contacts," and thus insufficient to

establish personal jurisdiction. *Id*. at 892. Accordingly, 30 Watt's website is of no jurisdictional significance.  Plaintiff otherwise alleges nothing demonstrating that 30 Watt formed any meaningful jurisdictional connections with the State of Michigan in relation to the claims Plaintiff asserts in its Complaint.

The exercise of personal jurisdiction over 30 Watt in Michigan would also be unreasonable.  The reasonableness analysis looks at three factors: (1) the burden on defendant, (2) the interests of the forum State, and (3) plaintiff's interest in obtaining relief.  *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 508 (6th Cir. 2014).  Regarding the first factor, 30 Watt is a Minnesota corporation and has no offices or physical presence in Michigan.  Rather, 30 Watt runs its business entirely from its single location in Minneapolis. 30 Watt would, accordingly, be substantially burdened if it were forced to litigate in this forum. *See, e.g., MLS Nat. Med. Evaluation Svcs., Inc. v. Templin*, 812 F. Supp. 2d 788, 804 (E.D. Mich. 2011) (exercising personal jurisdiction over Kentucky resident unreasonable where, *inter alia*, "[defendant] would be required to bear the expense and inconvenience of traveling to Michigan and paying local counsel.").

As to the second factor, the State of Michigan's interests in this action, if any, are scant. The alleged infringement did not concern any Michigan resident or Michigan-specific activities and almost all of the handful of sales in Michigan were through Amazon, a Delaware corporation headquartered in Washington.  *See*

-13-

*Others First*, 2014 WL 6455662, *10 ("None of the relevant events alleged in the lawsuit have a connection to Michigan. There is simply no interest in Michigan aside from the fact that [plaintiff] is a Michigan [] corporation. It would be unreasonable for the court to exercise jurisdiction . . . on this basis alone.")

Even if a Michigan interest was at stake, it would be offset by Minnesota's interest in protecting its resident, 30 Watt, from being hailed to and forced to litigate in a distant forum merely because a competitor's attorney has an office there. *See Templin*, 812 F.Supp.2d at 805 ("Michigan's interest in vindicating the rights of a Michigan business is offset by Kentucky's interest in safeguarding the rights of a Kentucky resident ... and in ensuring that claims against a Kentucky resident are litigated in an efficient and cost-effective manner.")

As noted above, Plaintiff and its founder/CEO are not even domiciled in Michigan, both residing in Georgia. Applying the *Beydoun* factors, the exercise of jurisdiction over 30 Watt in this forum would be unreasonable. This is an additional reason to dismiss Plaintiff's complaint.

This case has only one Michigan connection – the location of Plaintiff's attorney. This connection is simply insufficient to warrant the exercise of personal jurisdiction. For these reasons, the exercise of specific personal jurisdiction over 30 Watt would be constitutionally impermissible. Plaintiff's complaint must, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

-14-

IV.    **First to File Rule Merits Dismissal of this Action**.

Dismissal is also merited because 30 Watt already submitted this matter for adjudication in the District of Minnesota.

The first-to-file rule is a well-established doctrine of federal comity that was first recognized by the Supreme Court in *Smith v. M'Iver*, 22 U.S. 532 (1824). The Court there held that "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Id.* at 534.  The first-to-file rule has evolved into a tool used to promote judicial efficiency and the general principle is to avoid duplicative litigation. *Smith v. SEC*, 129 F.3d 356 (6th Cir. 1997).  The first-to-file rule provides that, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citation omitted); *see also In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996). Generally, courts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction, as is the case here.  *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957).

To determine whether to apply the first-to-file rule, Courts typically evaluate three factors: (1) the chronology of events, (2) the similarity of parties involved, and (3) the similarity of issues or claims at stake. *Baatz v. Columbia Gas*

-15-

*Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016). If the factors support applying the rule, a court must also determine if any equitable considerations, such as evidence of "inequitable conduct, bad faith, anticipatory suits, [or] forum shopping," merit not applying the first-to-file rule in a particular case. *Id.*

As to the first factor, the Minnesota action was filed nearly a month prior to this action. Specifically, the first action was filed October 25, 2018 and the second action November 12, 2018. The Minnesota action is thus the "first filed" action.

The second factor to consider is the similarity of parties involved. The first-to-file rule applies when parties in two actions "substantially overlap, even if they are not perfectly identical." *Baatz*, 814 F.3d at 790 (citation omitted). 30 Watt and Plaintiff are the primary parties in both actions. As such, there is "substantial overlap" of the parties. To the extent Plaintiff adds 30 Watt's manufacturer or its affiliate as a party, Plaintiff's proper avenue to do so pursuant to the Federal Rules of Civil Procedure would have been to join them as counterclaim defendants.

As to the third factor, the issues in both cases are virtually identical. Both actions relate to the alleged infringement of Plaintiff's SIPCADDY and SHOWER BEER marks; Plaintiff's later-filed lawsuit is merely a mirror-image of the lawsuit 30 Watt first initiated in Minnesota. "The filing of multiple federal actions arising out of the same facts is strongly discouraged[.]" *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006). Even assuming that there were any differences in issues

-16-

or claims, the issues need only to "substantially overlap" for the first-to-file rule to apply. *See Baatz*, 814 F.3d at 791 ("The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'") (citations omitted). Plaintiff itself *concedes* that both actions involve the "same parties, [] the same respective marks and [] the same claims and defenses." Walther Decl. ¶ 37. This admission alone warrants dismissal and corroborates its blatant forum shopping.

Lastly, the Court must consider any equitable considerations that weigh against applying the first-to-file rule. To the extent Plaintiff may assert that 30 Watt's filing in Minnesota was merely anticipatory, 30 Watt submits that its goods are being ***unlawfully removed from Amazon wholly because of the disputed registrations owned by Plaintiff***. Thus, to re-instate listings during the holiday peak retail season and promptly adjudicate Plaintiff's disruptive tactics, 30 Watt was compelled to immediately file the cancellation proceeding and Minnesota action to promptly address these claims. *See Goya Foods, Inc. v. Tropicana Prods., Inc*., 846 F.2d 848, 854 (2d Cir. 1988) ("[w]hether a litigant is seeking to halt an alleged infringement or . . . seeking a declaration of non-infringement, it is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights.").

Moreover, the Minnesota action includes additional claims that must be

-17-

addressed: whether Plaintiff's Disputed Marks are descriptive; whether 30 Watt infringed Plaintiff's patents (which it asserted in correspondence but acknowledges no infringement by not including in its Michigan complaint); and whether Plaintiff tortuously interfered with 30 Watt's relations with customers and its manufacturer. Indeed, the claims made in the Minnesota action *completely subsume* the claims made in the Michigan action.

Ultimately, proceeding with the Michigan action would result in judicial inefficiency and inconvenience to 30 Watt and *all* witnesses, since none reside in Michigan. As such, equitable factors such as judicial economy and Plaintiff's clear forum shopping for the convenience of its counsel and to disrupt and delay 30 Watt from obtaining a remedy further supports applying the first-to-file rule. Since neither Plaintiff nor 30 Watt resides in Michigan and this case otherwise has no connection to this forum, there is ***no*** factor of convenience that weighs in Plaintiff's favor of adjudicating this matter in this District. Plaintiff's strategy of requiring 30 Watt to expend money to defend a separate claim is an abusive litigation tactic that should not be permitted. Denial of such maneuvering will help conserve the resources of the parties and the Court, avoid duplicative litigation and provide a forum in Minnesota where the entirety of the parties' dispute can be adjudicated. This action should thus be dismissed without prejudice or, alternatively, and as discussed below, transferred to the District of Minnesota.

-18-

## V.   Venue is Improper, Requiring Dismissal or Transfer.

Dismissal is also merited because venue is improper in this District.

Fed. R. Civ. P. 12(b)(3) provides for dismissal of actions based on improper venue.  A proper venue for civil actions includes "a judicial district in which any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).  This means "any forum with a substantial connection to the plaintiff's claim[.]" *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998).

Here, as noted above, 30 Watt is a Minnesota corporation with its sole place of business in Minnesota. It maintains no office in Michigan nor does it have any employee that resides in Michigan.  Plaintiff is a Georgia corporation with a business address in Georgia.  Neither party resides in this District.

Further, venue in this District is improper because a substantial part of the events in this case occurred in Minnesota, not Michigan.  The *de minimis* sales activity that occurred in Michigan is not materially related to Plaintiff's claims and there is not a single thing connecting this case to this forum other than the presence of Plaintiff's counsel, which is of no relevance whatsoever to the venue inquiry.

Moreover, to the extent Plaintiff intends to pursue any patent infringement claims, which it asserted in correspondence on September 28, 2018 to 30 Watt and on September 24, 2018 to Tooletries, any action for patent infringement must be

-19-

brought in the judicial district where the defendant "resides" or has a "regular and established place of business." *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").  30 Watt seeks declaratory relief in its Minnesota complaint that it does not infringe any patent owned by Plaintiff.

For a corporation, a "residence" for patent jurisdiction "refers only to the State of incorporation."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).  As discussed, 30 Watt is incorporated in Minnesota. The Federal Circuit specifically rejected the idea that "virtual space[s]" could satisfy the "place" requirement of a "regular and established place of business."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Moreover, 30 Watt does not have an office or regular and established place of business in this district – it does not own or lease any real property in Michigan; it does not maintain any offices, records, facilities, inventory, or distribution centers in Michigan; it is not licensed to do business in Michigan; it does not have any employees in Michigan; and it does not maintain any financial accounts in Michigan. To the extent any goods at issue are sold in Michigan, they are primarily sold through third-party retailers, whose activities 30 Watt does not oversee.

Accordingly, venue is not proper in this district.

-20-

## VI.   **Alternatively, This Action Should be Transferred for Convenience**.

Alternatively, this action should be transferred to the District of Minnesota under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The purpose of Section 1404 is to protect litigants, witnesses, and the public from unnecessary expense and inconvenience. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When deciding whether to transfer, a court should weigh public interest factors, such as integrity and fairness, and private interest factors, such as witnesses and parties' convenience.  *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991). Factors considered by Sixth Circuit courts include: (1) the convenience of witnesses; (2) location of relevant documents and relative ease of access to sources of proof; (3) convenience of the parties; (4) locus of the operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) relative means of the parties; (7) forum's familiarity with the governing law; (8) weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000); *see also Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 729 (E.D. Mich. 2006).

-21-

The first four factors all weigh in favor of transferring to Minnesota since at least one of the parties, 30 Watt, its witnesses, records and business operations (and thus the locus of the operative facts) are in Minnesota.  As for Plaintiff, it is located in Georgia and this factor also weighs in favor of transfer. Since Plaintiff is based in Georgia, it would *not* be inconvenienced any differently by traveling from Georgia to Minnesota than from Georgia to Michigan.

The only apparent nexus to Michigan is that Plaintiff's attorney is located in the state; however, the "location of counsel" is irrelevant as a factor and improper for consideration in determining the question of transfer of venue.  *See In re Horseshoe Ent.*, 337 F3d 429 (5th Cir. 2003); *see also Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000); *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 925 (N.D. Cal. 2015).

As for the locus of operative fact, it is in Minnesota, if anywhere, as no events materially relating to this action occurred in Michigan. Under § 1404(a), "an accused product offered nationwide does not give rise to a substantial interest in any single venue," except when "there are significant connections between a particular venue and the events that gave rise to a suit," in which case the locus of operative facts weighs in that venue's favor.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citations omitted).  No connections exist here.

As for the fifth and seventh factors, they are neutral since both districts can compel witness attendance and both forums are familiar with governing law and well-equipped to adjudicate complex issues including trademark and patent law.

As for the relative means of the parties, 30 Watt is a relatively small company with limited resources; 30 Watt has seven employees, all of whom reside in Minnesota. Walther Decl. ¶¶ 7-8. Plaintiff's strategy of requiring 30 Watt to expend additional funds to defend itself in a different venue is a bare attempt to force 30 Watt into capitulating by bleeding it of its resources, as well as a waste of the Court's resources, and should not be condoned.

As for the eighth factor – plaintiff's choice of forum – this factor deserves less deference where, as here, Plaintiff is a foreign corporation. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum [] that choice of forum is entitled to less deference") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (when a plaintiff files a suit outside of its home forum, the presumption in favor of its choice of forum "applies with less force"); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) (when a plaintiff is foreign, the presumption of favor for its choice of forum is "much less reasonable"); *Dowling v. Richardson-Merrell, Inc*., 727 F. 2d 608, 613-614 (6th Cir. 1984) ("foreign plaintiffs are not entitled to the same presumption in favor of

-23-

their chosen forum" and "a foreign plaintiff's choice deserves less deference").

Here, Plaintiff's selection of a forum that bears *no* connection to either party renders the factor of Plaintiff's choice irrelevant. Instead, it corroborates that it selected a forum for the convenience of its counsel and to induce 30 Watt to incur more costs in defending this action. For these reasons, if this case is not dismissed outright, 30 Watt requests that it be transferred to the District of Minnesota.

VII.   **30 Watt is Entitled to Attorney Fees And Sanctions**.

"An award of attorney's fees, whether granted under 28 U.S.C. § 1927 [vexatious litigant] . . .  or under the court's 'inherent powers,' rests in the sound discretion of the trial court." *Jones v. Cont'l. Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986); *see also First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501, 511 (6th Cir. 2002) ("[i]n addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs.").  A district court has "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *First Bank of Marietta,* 307 F.3d at 512.  To award attorney fees under this bad faith exception, a court must find that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id*. (citations omitted).

Here, Plaintiff's litigation tactics in requiring 30 Watt to defend itself in

another forum and incur additional costs are "harassing, dilatory, or otherwise 'unreasonable and vexatious'" with the purpose of "needlessly obstruct[ed] the litigation of nonfrivolous claims[.]" *See Jones*, 789 F.2d at 1230.  Plaintiff was aware of the first-to-file rule and chose to ignore it and file a duplicative action; Plaintiff was aware that neither party resided in Michigan or had any contacts in this district sufficient to establish personal jurisdiction and chose to file suit in this district regardless; Plaintiff knew the claims filed against it in Minnesota were essentially the same and that litigating this matter in Michigan was not necessary and would require 30 Watt to incur additional costs.  30 Watt thus requests sanctions against Plaintiff and an award of reasonable attorney fees incurred by it in hiring Michigan counsel and filing this Motion.  *See* Reidy Decl. ¶ 19.

VIII.  **Conclusion**

30 Watt respectfully requests that the Court dismiss Plaintiff's complaint, or, alternatively, transfer this case to the District of Minnesota, and award 30 Watt its attorney fees incurred in filing this motion.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

Dated:  December 6, 2018        By:    */s/ David S. McDaniel*
David S. McDaniel (P56994)
535 W. William St., Suite 400S
Ann Arbor, MI 48103
(734) 222-4776
dmcdaniel@jaffelaw.com
*Counsel for 30 Watt Holdings, Inc.*

-25-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for all parties of record.

/s/ Jacqueline Delevie
Jacqueline Delevie