IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TECH AND GOODS, INC.**, a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>**30 WATT HOLDINGS, INC.**, a Minnesota corporation, **TOOLETRIES, LLC**, a Delaware limited liability company, and **TOOLETRIES PTY LTD**, an Australian company,<br><br>Defendants. | Case No. 18-cv-13516-SJM-RSW<br><br>Hon. Stephen J. Murphy |

**DEFENDANTS TOOLETRIES, LLC AND TOOLETRIES PTY LTD'S
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND
AN AWARD OF ATTORNEY FEES**

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## I.  SUMMARY

Neither Tooletries Pty Ltd nor Tooletries, LLC have sold a single accused product here in Michigan. *See* Exhibit 1, Decl. of Saul Cockburn at ¶¶ 25, 38 and 51. This fact remains undisputed.

In addition, neither Tooletries Pty Ltd nor Tooletries, LLC reside in Michigan; neither has a place of business in Michigan; nether has a Michigan subsidiary; neither has a Michigan office; neither has a registered agent in Michigan; neither has sales representative in Michigan; neither is registered to do business in Michigan; neither owns or leases real property in Michigan; neither owns or leases personal property in Michigan; neither maintains a bank account (or any other financial account) in Michigan; neither has a Michigan telephone listing; and neither has consented to personal jurisdiction here. *See* Exhibit 1 at ¶¶ 27-46. These facts likewise remain undisputed.

Plaintiff nevertheless named Tooletries Pty Ltd and Tooletries, LLC as defendants in this lawsuit. Plaintiff alleges they are subject to personal jurisdiction in Michigan for two reasons. First, because the accused products can be found on retailers' shelves in this forum.  And second, because Tooletries Pty Ltd websites "permitted" Michigan residents to purchase accused products.

2

On the first point, Tooletries Pty Ltd manufactures, sells and delivers the accused products to third parties in China. *See* Exhibit 1 at ¶¶ 15-18. After that, the third parties have exclusive control over the products, including how they are marketed and to whom they are thereafter sold. *See* Exhibit 1 at ¶ 19. Under Sixth Circuit law, these activities do not rise to the level of "purposeful availment" of the benefits and privileges of doing business in Michigan.

Nor do Tooletries Pty Ltd's websites constitute "purposeful availment." While Michigan residents may at one time have been able to purchase the accused products online, the fact remains that not one Michigan resident ever did. *See* Exhibit 1 at ¶¶ 25 and 51. Moreover, the websites are now disabled so no Michigan resident can. *See* Exhibit 1 at ¶ 24.

Accordingly, Tooletries Pty Ltd and Tooletries, LLC's Motion to Dismiss should be granted, and they should be awarded their costs and fees under 28 U.S.C. § 1927.

## II. PLAINTIFF'S STREAM-OF-COMMERCE THEORY OF PERSONAL JURIDICTION IS FRIVOLOUS

Defendants Tooletries Pty Ltd and Tooletries, LLC have not sold even one accused product here in Michigan. *See* Exhibit 1 at ¶¶ 25, 38

and 51. But Plaintiff — a Georgia corporation with no ties to Michigan other than the location of its lawyers — argues this shouldn't matter.

According to Plaintiff, because Tooletries Pty Ltd put accused products into the stream of commerce that carried them into Michigan, this Court can properly exercise personal jurisdiction over not just Tooletries Pty Ltd. but Tooletries, LLC as well. *See* Opposition Brief at 10-11 and 15-18. Plaintiff is mistaken.[1]

The Sixth Circuit long ago rejected Plaintiff's stream-of-commerce theory, adopting instead a stream-of-commerce "plus" test. *See Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F. 3d 472, 480 (6th Cir. 2003) ("we make clear today our preference for Justice O'Connor's stream of commerce 'plus' approach" in *Asahi*). And, under stream-of-commerce "plus," the mere fact a defendant puts products into the stream of commerce, even knowing they will end up in a particular forum, won't suffice for that forum to exercise personal jurisdiction. *See*, *e.g.*, *Asahi Metal Indus. Co. v. Superior Court*, 480 US 102, 112 (1987).

---

[1] Plaintiff's Opposition Brief continues the practice adopted in its Complaint of referring to the Defendants – 30 Watt, Tooletries Pty Ltd and Tooletries, LLC –collectively. See, e.g., Opposition Brief at 5 ("Defendants sell the Infringing Products throughout this District."). Whether intended to mislead or not, the law requires each defendant's contacts with a forum be separately analyzed and assessed. See, e.g., Calder v. Jones, 465 U.S. 783, 790 (1984).

On the contrary, a plaintiff must show the defendant directed additional purposeful acts at the forum. *Id*. Yet Plaintiff's Opposition Brief makes no mention of this. All Plaintiff has to say is the following:

> Infringing Products are sold in the District, at a minimum, by the Tooletries Defendants indirectly through their United States distributor, co-Defendant 30 Watt Holdings. This alone confers jurisdiction under *Poyner* [i.e., *Poyner v. Erma Werke Gmbh*, 618 F.2d 1186 (6th Cir. 1980)] and *S.S. Kresge Co.* [i.e., *Noel v. S.S. Kresge Co.*, 669 F.2d 1150 (6th Cir. 1982)].

*See* Opposition Brief, at 15.

Plaintiff's citation to and reliance upon *Poyner* and *S.S. Kresge* is problematic for so many reasons. Among others, *Poyner* and *S.S. Kresge* were decided five years before *Asahi*, and more than twenty before *Bridgeport*. As such, to the extent they would allow a more expansive approach to a court's exercise of personal jurisdiction than *Asahi* and *Brideport*, they have been overruled.[2]

The district court's decision in *Kmart Corp. v. Key Indus., Inc.*, 877 F. Supp. 1048 (E.D. Mich. 1994) is not to the contrary, though it too was decided before *Bridgeport*. In *Kmart*, the defendant itself sold the accused products directly into Michigan. The court pointed to those sales in

---

[2] Plaintiff's citation to and reliance on *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) is similarly flawed. *See* Opposition Brief at 10 and 14. *Beverly Hills Fan* concerns Federal Circuit law on personal jurisdiction, which, while controlling in patent cases, is inapplicable here.

5

concluding the defendant had purposefully availed itself of the privilege of conducting business in Michigan. *Id*. at 1052.

Here, on the other hand, Plaintiff has not presented any evidence that would establish Tooletries Pty Ltd or Tooletries, LLC has purposefully availed itself of the privileges of doing business in Michigan. Tooletries Pty Ltd's manufacture and sale of the accused products to third parties in China won't do.

### III. PLAINTIFF'S ASSERTION THAT TOOLETRIES PTY LTD'S WEBSITES ESTABLISH PURPOSEFUL AVAILMENT IS FRIVOLOUS

Plaintiff's assertion that Tooletries Pty Ltd and Tooletries, LLC have somehow purposefully availed themselves of Michigan residents via the <www.journeymandesigns.com.au> and <tooletries.com> websites also fails.

First, there is no better evidence that the websites weren't targeted at Michigan residents than the fact that not one purchased an accused product through either <www.journeymandesigns.com.au> or <tooletries.com>. *See* Exhibit 1 at ¶¶ 25 and 51. And, courts in this district require more than a website "allowing" a forum's residents to purchase goods before asserting personal jurisdiction.

6

In *Tradesmen Int'l, Inc. v. Tradesman Staffing, LLC*, No. 5:15-cv-1368 (N.D. Ohio June 16, 2017), for example, plaintiff asserted a defendant was subject to personal jurisdiction in Ohio based solely on the defendant's "highly interactive" website. According to plaintiff, the fact the website "allowed" Ohio residents to file employment application online was enough. The court disagreed.

Per the court, plaintiff failed to present evidence that "any Ohioan has ever done so," and purposeful availment requires something more than the operation of a generally accessible, interactive website that is reachable from a forum. Specifically, "the plaintiff must specifically show that the defendant has taken some sort of 'deliberate' step in order to establish a 'substantial,' meaningful 'connection' with the forum." *See also Fruit of the Loom, Inc. v. En Garde, LLC*, No. 1:17-cv-00112 (W.D. Ky. Aug. 25, 2017) (court refused to exercise personal jurisdiction over defendant with "active website" because defendant did not actually engage with Kentucky residents on a regular basis); *Dolce & Gabbana Trademarks S.R.L. v. TXT Enter.*, Inc., No. 1:14-cv-00855 (S.D. Ohio Mar. 9, 2016) ("even a non-passive website, one by which a defendant *welcomes* business from the forum state, does not establish purposeful availment without *additional* allegations that a 'commercial connection' in

7

fact exists between the website's operator and the forum state."); *Daimler AG v. Shuanghuan Auto. Co.,* No. 2:11-cv-13588 (E.D. Mich. May 22, 2013) (same).[3]

Despite this overwhelming authority to the contrary, Plaintiff urges the district court's decision in *Audi AG v. D'Amato*, 341 F.Supp.2d 735 (E.D. Mich. 2004) compels a different result. Not true. After all, the *Audi Ag* court relied on the fact the plaintiffs' "principally reside in Michigan" in holding defendant's website allowed Michigan to exercise personal jurisdiction over it. *Id.* at 745.

Here, on the other hand, Plaintiff is a Georgia corporation with no connection to Michigan. Thus, neither does *Audi AG* support exercising personal jurisdiction over Tooletries Pty Ltd or Tooletries, LLC in Michigan.

---

[3] Copies of the *Tradesman*, *Fruit of the Loom*, *Dolce & Gabbana* and *Daimler* decisions are attached hereto as Exhibits 1-4, respectively.

## IV. CONCLUSION

Tooletries Pty Ltd and Tooletries, LLC respectfully request the Court dismiss the complaint against them, and award them their attorney fees incurred in filing this motion.

                                          Respectfully submitted,

                                          BUTZEL LONG PC

Date: February 12, 2019      By: /s/ George T. Schooff
                                                     George T. Schooff (P45596)
                                                   150 West Jefferson, Suite 100
                                                   Detroit, MI 48226
                                                   (313) 225-7000
                                                   schooff@butzel.com

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2019, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for all parties of record.

By: /s/ George T. Schooff
George T. Schooff (P45596)
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
schooff@butzel.com

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS