UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECH AND GOODS, INC.,

    Plaintiff,

v.

30 WATT HOLDINGS, LLC, et al.,

    Defendants.
_____/

Case No. 2:18-cv-13516

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART TOOLETRIES DEFENDANTS'
MOTION TO DISMISS AND FOR ATTORNEY'S FEES [13]**

On November 12, 2018, Plaintiff filed a complaint against Tooletries, LLC, and Tooletries Pty. Ltd. (together, "Tooletries Defendants") and 30 Watt Holdings, LLC ("30 Watt") (collectively, "Defendants"). ECF 1. Plaintiff alleges that Defendants' conduct in marketing and selling their "sudski" and "sipski" products violated various provisions of the Lanham Act, violated the Michigan Consumer Protection Act, and constituted common law unfair competition. *Id.* at 18–31. On December 6, 2018, 30 Watt filed a motion to dismiss for lack of personal jurisdiction and improper venue. ECF 9. On January 4, 2019, Tooletries Defendants filed a similar motion. ECF 13.

On August 1, 2019, the Court entered a stipulated order between Plaintiff and 30 Watt withdrawing 30 Watt's motion to dismiss and setting August 29, 2019 as 30 Watt's deadline to answer or otherwise respond to the complaint. ECF 18. The Court reviewed the briefing on Tooletries Defendants' motion to dismiss and finds that a

1

hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant the motion.

## BACKGROUND

Tooletries Pty. Ltd. is an Australian company, and Tooletries, LLC is its wholly-owned American subsidiary. ECF 1, PgID 2. The two companies have the same owners and "conduct the same business"—"selling the same products in the United States and Australia," respectively. *Id.* Tooletries Defendants supply 30 Watt. *Id.* Defendants sell a shower beer holder called a "sudski" that allegedly infringes Plaintiff's "SHOWER BEER" trademark. *Id.* The allegedly infringing products are sold by third parties in Michigan. *See* ECF 1, PgID 4–5; ECF 14-2, PgID 614. Tooletries Defendants also directly sell the allegedly infringing product through their websites, and a buyer in Michigan could make purchases from the websites. ECF 13, PgID 562–63; ECF 14-2, PgID 615. But Tooletries Defendants have not directly sold a single product in Michigan. ECF 13, PgID 562–63; ECF 13-2, PgID 577, 580.

## LEGAL STANDARD

When a defendant files a motion to dismiss for lack of personal jurisdiction "the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras v. First Tenn. Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citations omitted). The Court may decide the motion "on the basis of affidavits alone," may permit discovery before deciding the motion, or may conduct an evidentiary hearing. *Id.* (citation omitted). If the Court resolves the motion "on written submissions alone," and the defendant submits affidavits to combat a finding of personal jurisdiction, the

2

plaintiff must set forth specific facts that demonstrate jurisdiction. *Id.* (citation omitted). The Court considers all written submissions, including pleadings and affidavits, "in the light most favorable to the plaintiff." *Id.* (citation omitted).

For cases over which the Court has federal question jurisdiction, "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)) (alterations omitted). But when "the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.* (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)); *see also J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 903 n.8 (2011) (listing Michigan as a state whose "long-arm provision[] allow[s] the exercise of jurisdiction subject only to a due process limitation").

"General jurisdiction is proper only [when] 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Bird*, 289 F.3d at 873 (quoting *Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).

Specific jurisdiction is proper when: (1) a party purposefully avails itself "of the privilege of acting in the forum state or causing a consequence in the forum state;"

3

(2) the cause of action arises from the party's activities in the forum state; and (3) the party's actions, or the consequences caused by the party's actions, created a "substantial enough connection" between the party and the forum state "to make the exercise of jurisdiction . . . reasonable." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016) (citation omitted). When analyzing the first factor—purposeful availment—the Sixth Circuit uses "Justice O'Connor's approach to purposeful availment as articulated in *Asahi*." *Bridgeport*, 327 F.3d at 479–80 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 107 (1987) (O'Connor, J.) (plurality op.)). Under Justice O'Connor's "'stream of commerce plus' theory . . . 'the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.'" *Id.* at 479 (quoting *Asahi*, 480 U.S. at 112) (alteration omitted).

**DISCUSSION**

Here, the Court lacks personal jurisdiction over Tooletries Defendants. The only alleged connections between Tooletries Defendants and the Michigan are: (1) Tooletries Defendants' allegedly infringing products have been sold in Michigan through third parties and (2) Tooletries Defendants operate websites from which a customer in Michigan could purchase the allegedly infringing products. *See generally* ECF 14 (Plaintiff's response to Tooletries Defendants' motion to dismiss). Tooletries Defendants do not have the "continuous and systematic" contacts with Michigan required for general personal jurisdiction. *See Bird*, 289 F.3d at 873 (citation omitted). And the Court lacks personal jurisdiction over Tooletries Defendants

4

because they did not purposefully avail themselves of the privilege of acting in Michigan.

First, the Defendants' sale of allegedly infringing products in Michigan is insufficient to satisfy the "stream of commerce plus" test. A Court cannot find purposeful availment when a defendant sells a product through a distributor and is "merely aware that [its] distributor was likely to market the product in all fifty states." *Bridgeport*, 327 F.3d at 480. Rather, for the distributor's sales in the forum state to constitute purposeful availment by the defendant, the defendant must require the distributor to market or to sell the product specifically in the forum state, for example through a contract requiring nationwide distribution. *Id.* Here, there is no allegation of a contract term requiring 30 Watt, or any other distributor, to market or distribute Tooletries Defendants' products nationwide, or specifically in Michigan. And Plaintiff's reliance on Sixth Circuit cases pre-dating the Sixth Circuit's adoption of the "stream of commerce plus" test in *Bridgeport* is misplaced. *See* ECF 14, PgID 604–05.

Second, Tooletries Defendants did not purposefully avail themselves of the privilege of acting in Michigan by operating their websites. "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). *Zippo* created a sliding scale of passive to interactive websites to determine

5

whether a party's use of a website could alone support a finding of purposeful availment. *Zippo*, 952 F. Supp. at 1124. Passive websites are not particularly indicative of purposeful availment; interactive websites provide good evidence of purposeful availment. *See id.* On the interactive end of the scale are websites that conduct internet sales, and *Zippo* held that "[i]f the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the [i]nternet, personal jurisdiction is proper." *Id.*

Although Tooletries Defendants websites are at the "interactive" end of *Zippo*'s sliding scale, *see id.*, they are insufficient to constitute purposeful availment because Tooletries Defendants have not sold a single item to a customer in Michigan through their website, *see* ECF 13-2, PgID 577, 580. Notably, it was the actual contact the defendant had with the forum state through the website, not the mere existence of the website, which "by its very nature can be accessed internationally," that led the *Zippo* court and the Sixth Circuit, adopting *Zippo*'s sliding scale, to find purposeful availment. *Neogen Corp.*, 282 F.3d at 890–91; *see also Zippo*, 952 F. Supp. at 1124. Taking the pleadings and affidavits in the light most favorable to the Plaintiff, the only interaction Plaintiff has shown between Tooletries Defendants and Michigan is that third parties sell Tooletries Defendants' products in Michigan. Tooletries Defendants have therefore not purposefully availed themselves of the privilege of acting in Michigan. The Court finds that it does not have personal jurisdiction over Tooletries Defendants and will dismiss them.

Finally, Tooletries Defendants seek attorney's fees and sanctions. "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under § 1927, the Court must find that the subject attorney engaged in conduct that "falls short of the obligations owed by a member of the bar to the court." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). The party seeking sanctions must show "something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (citation omitted).

Although the Court found that it lacks personal jurisdiction over Tooletries Defendants, it does not find that Tooletries Defendants have made the necessary showing that Plaintiff's counsel's conduct justifies awarding them attorney's fees. Tooletries Defendants' request points only to Plaintiff including them as defendants in the case and drafting a complaint with jurisdictional facts that refer to all defendants collectively. *See* ECF 13, PgID 568–70. Plaintiff's counsel's erroneous assumption that the Court had personal jurisdiction over Tooletries Defenants because of their sales through third parties does not meet the standard for § 1927 sanctions.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants Tooletries, LLC and Tooletries Pty. Ltd.'s motion to dismiss for lack of personal jurisdiction and for an award of attorney's fees [13] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Defendants Tooletries, LLC and Tooletries Pty. Ltd. are **DISMISSED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager