# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**TECH AND GOODS, INC.,**

    **Plaintiff/Counter-Defendant,**

    **v.**

**30 WATT HOLDINGS, LLC,**

    **Defendant/Counter-Plaintiff.**

**No. 18-cv-13516-SJM-RSW**

**Hon. Stephen J. Murphy III**

**Mag. Judge R. Steven Whalen**

---

### TECH AND GOODS, INC.'S MOTION TO DISMISS 30 WATT HOLDINGS, LLC'S COUNTERCLAIMS FOR <u>FAILURE TO STATE A CLAIM</u>

For the reasons more particularly stated in the accompanying Brief in Support, Plaintiff/Counter-Defendant respectfully requests that this Court grant this motion and dismiss Defendant/Counter-Plaintiff's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

In accordance with Local Rule 7.1(a)(2), on September 17, 2019, counsel for Plaintiff/Counter-Defendant requested and did not obtain concurrence from Defendant/Counter-Plaintiff's counsel in the relief sought.

                    Respectfully submitted,

                    */s/ Joseph W. Barber*
                      Andrew M. Grove (P48868)
                      Joseph W. Barber (P82728)
                  Howard & Howard Attorneys PLLC
                  450 West Fourth Street
                  Royal Oak, Michigan 48067
                  (248) 723-0456 – direct

1

(248) 645-1568 – fax
jgrove@howardandhoward.com
jwbarber@howardandhoward.com
*Attorneys for Plaintiff*

Date: September 19, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECH AND GOODS, INC.,

     Plaintiff/Counter-Defendant,

        v.

30 WATT HOLDINGS, LLC., a
Minnesota limited liability company,

     Defendant/Counter-Plaintiff.

No. 18-cv-13516-SJM-RSW

Hon. Stephen J. Murphy III

Mag. Judge R. Steven Whalen

**BRIEF IN SUPPORT OF TECH AND GOODS, INC.'S MOTION TO
<u>DISMISS 30 WATT HOLDINGS, LLC'S COUNTERCLAIMS</u>**

# **TABLE OF CONTENTS**

BRIEF IN SUPPORT OF TECH AND GOODS, INC.'S MOTION TO DISMISS 30 WATT HOLDINGS, LLC'S COUNTERCLAIMS

**TABLE OF AUTHORITIES** ................................................................. iii

**ISSUES PRESENTED** .........................................................................v

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ........................ vi

    **I.  INTRODUCTION** ...................................................................1

    **II. FACTS RELEVANT TO SIPCADDY'S MOTION** ...........................2

    **III.30 WATT'S COUNTS I THROUGH IV FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**....3

        **A.  Count I Should Be Dismissed Because 30 Watt's Claim of Trademark Misuse Is Not a Recognized Cause Of Action and 30 Watt Does Not Sufficiently Plead Unfair Competition.** .......4

            i.  30 Watt's Cause of Action Does Not Exist As The Law Does Not Recognize Trademark Misuse. .......................................4

            ii. 30 Watt Fails to Plead Facts To Support the Required Elements For A Cause Of Action Under Section 43(a) Of The Lanham Act...........................................................................5

            iii. 30 Watt Cannot Bring a Section 43(a) Lanham Act Claim Against Sipcaddy Because Sipcaddy Has Priority Rights In the "SHOWER BEER" Mark. ..............................................9

        **B.  Count II, 30 Watt's Common Law Unfair Competition Claim, Fails Because Fails to Allege Any Facts To Support The Claim.** ................................................................................10

        **C.  In Count III, 30 Watt Does Not State a Claim For Tortious Interference With Prospective Business Relations Because i) The Complained-of Activity Is Protected, and ii) The *Noerr-Pennington* Doctrine Bars 30 Watt's Claims.** .........................11

            i.  Sipcaddy's Actions Are Privileged and True, and Therefore Cannot Form The Basis For A Tortious Interference With Prospective Business Relations Claim. ...............................12

            ii. 30 Watt's Tortious Interference With Prospective Business Relations Claim Is Barred By The *Noerr-Pennington* doctrine. ..........................................................................13

**D. Count IV, 30 Watt's Michigan Consumer Protection Act Claim, Fails Because Sipcaddy's Alleged Actions Are Not Recognized as Wrongful.**...........................................................14

    i. 30 Watt fails to allege conduct causing confusion or misunderstanding as to source, sponsorship, approval, or certification of goods or services.......................................16

    ii. 30 Watt fails to allege any deceptive representation in connection with goods or services.....................................16

    iii. 30 Watt fails to allege Sipcaddy represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.........................17

    iv. 30 Watt failed to allege Sipcaddy disparaged the goods, services, business, or reputation of another by false or misleading representation of fact.......................................18

    v. 30 Watt failed to allege Sipcaddy caused a probability of Amazon confusing or of misunderstanding the legal rights, obligations, or remedies of either Sipcaddy or Amazon. ....18

    vi. 30 Watt failed Sipcaddy made a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.....................................19

**IV. CONCLUSION**.....................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Acad. of Doctors of Audiology v. Int'l Hearing Society*, 237 F. Supp. 3d 644
   (E.D. Mich. 2017) ................................................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .....................................................4

*Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc*., 763 F. App'x 388
   (6th Cir. 2019)..................................................................15

*Beirut Traders Co. v. Neiman Marcus Grp., Inc.,* No. 2:09-cv-11176, 2009 WL
   3460674 (E.D. Mich. Oct. 22, 2009)............................... 14, 15, 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).....................................4

*BPS Clinical Lab. v. Blue Cross & Blue Shield*, 217 Mich. App. 687, 552 N.W.2d
   919 (1996)......................................................................14

*Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831 (6th Cir. 1983) ......13

*Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2014 WL 6865498
   (E.D. Mich. Dec. 3, 2014).....................................................12

*Ford Motor Co. v. Obsolete Ford Parts, Inc*., 318 F. Supp. 2d 516 (E.D. Mich. 2004)
   .........................................................................4, 7

*Maui Jim, Inc. v. SmartBuy Guru Enters.*, No 1:16-cv-9788, 2018 WL 509960
   (N.D. Ill. Jan. 23, 2018) ................................................ 5, 6, 7

*Melea Ltd. v. Quaility Models, Ltd.*, 345 F. Supp. 2d 743 (E.D. Mich. 2004)........17

*Microsoft Corp. v. Compusource Distribs., Inc*., 115 F. Supp. 2d 800, 810
   (E.D. Mich. 2000) ...............................................................5

*Nedschroef Detroit Corp. v. Bemas Enters. LLC*, 106 F. Supp. 3d 874
   (E.D. Mich. 2015) .......................................................... 18, 19

*Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453
   (S.D.N.Y. 2012).................................................................5

*Polar Molecular Corp. v. Amway Corp*., No. 1:07-cv-460, 2007 WL 3473112
   (W.D. Mich. Nov. 14, 2007) ..................................................11

*Progressive Distrib. Servs., Inc. v. U. Parcel Servs., Inc.,* 856 F.3d 416
   (6th Cir. 2017)...............................................................7, 8

*Saab Auto. AB v. Gen. Motors Co*., 770 F.3d 436 (6th Cir. 2014) ..........................15

*Schreiber Mfg. Co., Inc. v. Saft Am., Inc.*, 704 F. Supp. 759
   (E.D. Mich. 1989) ...................................................... 19, 21, 22, 24

*Walker v. RDR Real Estate, LCC*, No. 11-10251, 2012 WL 4328348
   (E.D. Mich. Sept. 20, 2012) ..................................................24

*Whirlpool Props., Inc. v. LG Elecs. U.S.A., Inc.*, No. 1:03-cv-414, 2005 WL 3088339
   (W.D. Mich. Nov. 17, 2005) ....................................................5

*Wynn Oil Co. v. Am. Way Serv. Corp*, 943 F.2d 595 (6th Cir. 1991).....................13

**Statutes**

15 U.S.C. § 1057 ..................................................................................15
15 U.S.C. § 1125(a) .............................................................................13
Mɪᴄʜ. Cᴏᴍᴘ. Lᴀᴡs § 445.903 .................................................. 22, 24-27

**Other Authorities**

5 Mᴄᴄᴀʀᴛʜʏ, Tʀᴀᴅᴇᴍᴀʀᴋs & Uɴꜰᴀɪʀ Cᴏᴍᴘᴇᴛɪᴛɪᴏɴ, §§ 27.9 (5th Ed.) ..............13
ᴍᴄᴄᴀʀᴛʜʏ's ᴅᴇsᴋ ᴇɴᴄʏᴄʟᴏᴘᴇᴅɪᴀ ᴏꜰ ɪɴᴛᴇʟʟᴇᴄᴛᴜᴀʟ ᴘʀᴏᴘᴇʀᴛʏ (2004 3d. Ed.) ....12

## ISSUES PRESENTED

WHETHER 30 WATT HOLDINGS' COUNTERCLAIM FOR TRADEMARK MISUSE IS A RECOGNIZED CAUSE OF ACTION UNDER THE LANHAM ACT?

**Plaintiff answers, "No."**
**Defendant answers, "Yes."**
**This Honorable Court should answer, "No."**

WHETHER 30 WATT HOLDINGS' COUNTERCLAIM FOR TRADEMARK MISUSE IS A RECOGNIZED CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION?

**Plaintiff answers, "No."**
**Defendant answers, "Yes."**
**This Honorable Court should answer, "No."**

WHETHER 30 WATT HOLDINGS' COUNTERCLAIM FOR TORTIOUS INTERFERENCE OF BUSINESS EXPECTANCY CAN BE MAINTAINED?

**Plaintiff answers, "No."**
**Defendant answers, "Yes."**
**This Honorable Court should answer, "No."**

WHETHER 30 WATT HOLDINGS' COUNTERCLAIM FOR TRADEMARK MISUSE IS A VIABLE CAUSE OF ACTION UNDER THE MICHIGAN CONSUMER PROTECTION ACT?

**Plaintiff answers, "No."**
**Defendant answers, "Yes."**
**This Honorable Court should answer, "No."**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ford Motor Co. v. Obsolete Ford Parts, Inc*., 318 F. Supp. 2d 516 (E.D. Mich. 2004)

*Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2014 WL 6865498 (E.D. Mich.

Dec. 3, 2014)

*Beirut Traders Co. v. Neiman Marcus Grp., Inc.,* No. 2:09-cv-11176, 2009 WL

3460674 (E.D. Mich. Oct. 22, 2009)

*Schreiber Mfg. Co., Inc. v. Saft Am., Inc.*, 704 F. Supp. 759 (E.D. Mich. 1989)

30 Watt Holdings LLC ("30 Watt"), four Counterclaims contesting that when Tech and Goods, Inc. d/b/a Sipcaddy ("Sipcaddy") sent a cease-and-desist letter to 30 Watt's supplier Tooletries Pty. Ltd and informed Amazon that 30 Watt infringes Sipcaddy's registered, United States trademark, Sipcaddy engaged in 1) trademark misuse, 2) unfair competition, 3) tortious interference, and 4) violated the Michigan Consumer Protection Act. Respectfully, 30 Watt's Counterclaims should be dismissed.

There is no basis in law or fact for 30 Watt's claims against Sipcaddy. There is no affirmative cause of action for trademark misuse. Sipcaddy's actions are privileged under tortious interference law and 30 Watt's tortious interference claims are barred by the *Noerr-Pennington* doctrine. Finally, the Michigan Consumer Protection Act does not apply to Sipcaddy informing third-parties about 30 Watt's infringement of Sipcaddy's federally-registered trademarks.

## I.  INTRODUCTION

Sipcaddy is the market leader and prominent innovator in suction-cup beverage holders, and has several trademarks for these beverage holders, which have been used in commerce since 2014. 30 Watt sells products that infringe on Sipcaddy's trademarks. Specifically, 30 Watt sells a "Sudski Shower Beer Holder" and a "Sipski Shower Wine Glass Holder" that infringe Sipcaddy's trademarks.

30 Watt's Counterclaims fail because they does not state a claim and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. 30

Watt's entire set of counterclaims is premised on the fictitious cause of action of trademark misuse. The allegedly tortious conduct on which 30 Watt hangs its novel theory is a protected assertion of Sipcaddy's trademark rights – sending a cease-and-desist letter to sellers of 30 Watt's infringing products. Moreover, 30 Watt attempts to apply the Michigan Consumer Protection Act using this invented cause of action. The Michigan Consumer Protection Act, however, does not address Sipcaddy's actions and is inapplicable. Instead of respecting Sipcaddy's trademark rights, 30 Watt filed these counterclaims lacking any viable claim against Sipcaddy. 30 Watt's Counterclaims should be dismissed.

## II.    FACTS RELEVANT TO SIPCADDY'S MOTION

Sipcaddy owns two United States trademark registrations for "SIPCADDY" and "SHOWER BEER." ECF No. 20, at ¶¶ 15, 16, PageID.808; ECF No. 1-2, PageID.36 & PageID.39. Sipcaddy has been using its registered marks in commerce since 2014. ECF No. 1-2, PageID.36 & PageID.39. The "SIPCADDY" mark was registered on the USPTO's Principal Register on March 3, 2015. ECF No. 20, at ¶ 15, PageID.808. The "SHOWER BEER" mark was registered on the USPTO's Principal Register on November 7, 2017. ECF No. 20, at ¶ 16, PageID.808.

30 Watt is the junior user because it only began using its marks in commerce in 2017 and 2018, respectively. ECF No. 20, at ¶¶ 7, 9, PageID.807. 30 Watt's "SUDSKI" trademark was not registered on the Principal Register until May 2018.

ECF No. 20, at ¶ 8, PageID.807. 30 Watt's "SIPSKI" trademark was not registered on the Principal Register until December 2018. ECF No. 20, at ¶ 10, PageID.807.

On or about September 22, 2018, Sipcaddy filed one or more complaints with Amazon regarding 30 Watt's use of Sipcaddy's "SHOWER BEER" federally registered trademark. ECF No. 20 at ¶ 18, PageID.809. On or about September 24, 2018, Sipcaddy sent 30 Watt's supplier, Tooletries Pty Ltd d/b/a Journeymandesigns, a cease-and-desist letter asserting infringement of the "SHOWER BEER" and "SIPCADDY" federally registered marks. ECF No. 20 at ¶ 21, PageID.810; ECF No. 1-2, PageID.47–48.

## III.   30 WATT'S COUNTS I THROUGH IV FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

The Court should dismiss 30 Watt's Counterclaims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable, favorable inferences from them. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court should grant a Rule 12(b)(6) motion when there is a failure to state a facially plausible claim that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A. Count I Should Be Dismissed Because 30 Watt's Claim of Trademark Misuse Is Not a Recognized Cause Of Action and 30 Watt Does Not Sufficiently Plead Unfair Competition.**

Count I of 30 Watt's Counterclaims alleges unfair competition under the Lanham Act for trademark misuse. This claim fails because trademark misuse does not exist as an affirmative cause of action. Moreover, the facts pleaded by 30 Watt do not rise to a claim for unfair competition. Therefore, Count I should be dismissed.

      i. <u>30 Watt's Cause of Action Does Not Exist As The Law Does Not Recognize Trademark Misuse.</u>

There is no affirmative cause of action for trademark misuse. *Ford Motor Co. v. Obsolete Ford Parts, Inc*., 318 F. Supp. 2d 516, 521 (E.D. Mich. 2004) ("[T]he court has been unable to locate a case in this circuit that recognizes trademark misuse… as an independent cause of action… [and] declines to announce or create an independent cause of action for trademark misuse[.]") *See also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459–60 (S.D.N.Y. 2012); *Maui Jim, Inc. v. SmartBuy Guru Enters.*, No 1:16-cv-9788, 2018 WL 509960, at *6 (N.D. Ill. Jan. 23, 2018). Moreover, it is doubtful that trademark misuse is even a viable affirmative defense. *Microsoft Corp. v. Compusource Distribs., Inc*., 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000) ("No published or unpublished authority exists within the Sixth Circuit addressing the issue of "trademark misuse," and courts in other circuits have questioned the existence of this defense."); *Whirlpool Props., Inc. v. LG Elecs. U.S.A., Inc.*, No. 1:03-cv-414, 2005 WL 3088339, at *28 (W.D. Mich.

Nov. 17, 2005) (holding that the doctrine of trademark misuse is nonexistent, and defendants' allegation of trademark misuse arising from plaintiff's overly aggressive policing of trademarks failed for want of a substantial basis in law); McCarthy, Schechter, Franklyn, MCCARTHY'S DESK ENCYCLOPEDIA OF INTELLECTUAL PROPERTY, at 382 (2004 3d. Ed.) ("In no final reported case has a court actually refused to enforce a trademark because it was used in violation of antitrust law.")

30 Watt claims that Sipcaddy engaged in trademark misuse by asserting its rights as the owner of the federally registered "SHOWER BEER" trademark. ECF No. 20 at ¶ 25, PageID.811. 30 Watt's claims of trademark misuse are similar to those rejected in *Maui Jim.* In that case, the defendant counterclaimed for trademark misuse on the grounds of baseless and bad faith infringement claims related to registered trademarks for the purposes of allegedly anticompetitive behavior by the plaintiff. *Maui Jim, Inc*, 2018 WL 509960, at *6. The *Maui Jim* court recognized the repeated failure of other litigants to bring an affirmative trademark misuse claim and rejected it. *Id.* The Court should follow *Maui Jim* and *Obsolete Ford Parts* and all the other courts in this and other districts that have rejected a claim for trademark misuse. Accordingly, Court I should be dismissed.

    ii.  **30 Watt Fails to Plead Facts To Support the Required Elements For A Cause Of Action Under Section 43(a) Of The Lanham Act.**

30 Watt contends Sipcaddy engaged in unfair competition through trademark misuse under the Section 43(a) of the Lanham Act by making reports to Amazon.

ECF No. 20 at ¶¶ 25-27. Putting aside the lack of an affirmative cause of action for trademark misuse, 30 Watt fails to sufficiently plead unfair competition under the Lanham Act.

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) provides a cause of action for unfair competition based on false designation of origin or other false representation used in connection with the sale of a product. 15 U.S.C. § 1125(a); *Progressive Distrib. Servs., Inc. v. U. Parcel Servs., Inc.,* 856 F.3d 416, 424 (6th Cir. 2017); 5 McCarthy, Trademarks & Unfair Competition, §§ 27.9 (5th Ed.). To state a claim for unfair competition under Section 43(a) of the Lanham Act, a plaintiff must allege a protectable mark and likelihood of confusion, deception, or mistake on the part of the consumers. *Progressive Distrib. Servs., Inc.,* 856 F.3d at 424. Likelihood of confusion is determined by balancing eight factors, none of which are dispositive: (1) strength of the plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the marks; and (8) likelihood of expansion of the product lines. *Id.*

Here, 30 Watt contends that Sipcaddy engaged in unfair competition. ECF No. 20, at ¶¶ 24–29, PageID.811–12. The facts pleaded by 30 Watt do not suggest this is anything like a typical unfair competition case, and 30 Watt cannot produce any caselaw where the pleaded facts support an extension of Section 43(a). 30 Watt alleges no protectable mark owned by it and infringed by Sipcaddy. *See id.* 30 Watt

fails to allege any conduct by Sipcaddy directed to consumers. *See id.* 30 Watt fails to allege any consumer confusion. *See id.* 30 Watt completely fails at alleging any of the required elements of its cause of action.

30 Watt pleaded no facts as to why Sipcaddy notifying Amazon of 30 Watt's use of Sipcaddy's federally registered trademark would cause a likelihood of confusion between Sipcaddy and 30 Watt in the eyes of consumers. *See* ECF No. 20, at ¶¶ 24–29, PageID.811–12. It pays lip service to consumer confusion, but a reading of the claim shows no action by Sipcaddy directed to consumers or any consumers likely being confused. 30 Watt only alleges confusion "in the marketplace." *Id.* at ¶ 26, PageID.811. It does say or suggest *consumer* confusion.

Instead, 30 Watt alleges Sipcaddy is engaged in anticompetitive and unfair competition (its non-viable trademark misuse theory) because Sipcaddy notified Amazon that 30 Watt infringed its U.S. Trademark Registration for "SHOWER BEER" through its "sudski" product. *Id.* at ¶ 25, PageID.811. Yet, 30 Watt admits it uses Sipcaddy's registered mark. *Id.* at ¶ 19, PageID.809. 30 Watt must admit this because it does:



ECF No. 1, at ¶ 37, PageID.8–9. Furthermore, the Lanham Act provides that a certificate of registration on the principal register is *prima facie* evidence of the validity of the registered mark and the owner's exclusive right to use the mark in commerce in connection with the goods specified in the certificate. 15 U.S.C. § 1057. Therefore, 30 Watt's cause of action effectively asserts that Sipcaddy engaged in unfair competition by informing non-consumers of Sipcaddy's *prima facie* valid trademark for "SHOWER BEER," which is admittedly used by 30 Watt on its product. This is not unfair competition under any interpretation of the Lanham Act because there cannot be confusion about Sipcaddy's rights.

Accordingly, Count I of 30 Watt's Complaint should be dismissed because it fails to include any facts that support the required elements of unfair competition under Section 43 of the Lanham Act.

     iii.  <u>30 Watt Cannot Bring a Section 43(a) Lanham Act Claim Against Sipcaddy Because Sipcaddy Has Priority Rights In the "SHOWER BEER" Mark.</u>

30 Watt's unfair competition claim against Sipcaddy fails as a matter of law for an additional reason. A Section 43(a) unfair competition claim cannot be brought against a party who has priority rights to the mark at issue. *Polar Molecular Corp. v. Amway Corp.*, No. 1:07-cv-460, 2007 WL 3473112, at *3 (W.D. Mich. Nov. 14, 2007).

Sipcaddy owns the United States registered trademark for "SHOWER BEER." ECF No. 20, at ¶ 16, PageID.808. Sipcaddy has been using this mark in commerce since 2014. ECF No. 1-2, PageID.39. The "SHOWER BEER" mark was registered on the USPTO's Principal Register on November 7, 2017. ECF No. 20, at ¶ 16, PageID.808. 30 Watt only began selling its "sudski" product in 2017. *Id.* at ¶¶ 7, PageID.807. 30 Watt's "SUDSKI" trademark was not registered on the Principal Register until May 2018. ECF No. 20, at ¶ 8, PageID.807. Therefore, 30 Watt is the junior user, and therefore cannot state a claim against Sipcaddy based upon the "SHOWER BEER" mark. *Polar Molecular Corp.*, 2007 WL 3473112, at *3.

For this additional, independent reason, Count I of the Counterclaim should be dismissed.

### B. Count II, 30 Watt's Common Law Unfair Competition Claim, Fails Because Fails to Allege Any Facts To Support The Claim.

In Count II, 30 Watt alleges common law unfair competition against Sipcaddy for the same reasons of Sipcaddy informing Amazon of 30 Watt's infringement of the "SHOWER BEER" mark. This Count should be dismissed because it fails to allege any facts to support this claim.

Under Michigan law, a common law claim of unfair competition enforces only two theories of liability:

> [ (1) ] palming off, ... [involving] the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, [o]r the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor ..., or

> (2) a false designation of origin whereby the defendant's alleged use of a plaintiff's trademark is likely to cause consumer confusion as to the source of the product.

*Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2014 WL 6865498, at *8 (E.D. Mich. Dec. 3, 2014); *also Wynn Oil Co. v. Am. Way Serv. Corp*, 943 F.2d 595, 605 (6th Cir. 1991); *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983).

In this case, 30 Watt's common law unfair competition claim does not allege any facts to support either palming off or false designation of origin. It is merely a restatement of the non-existent cause of action for trademark misuse. Count II should therefore be dismissed.

**C. In Count III, 30 Watt Does Not State a Claim For Tortious Interference With Prospective Business Relations Because i) The Complained-of Activity Is Protected, and ii) The *Noerr-Pennington* Doctrine Bars 30 Watt's Claims**.

In Count III, 30 Watt alleges Sipcaddy tortiously interfered with 30 Watt's prospective business expectancy with unnamed consumers by reporting 30 Watt's use of Sipcaddy's federally registered trademark for "SHOWER BEER" to third-party, non-consumer Amazon. ECF No. 20, at ¶¶ 38–43, PageID.813–14. 30 Watt fails to state a claim for tortious interference because i.) the complained of activity is privileged, and ii.) the *Noerr-Pennington* doctrine bars 30 Watt's claims.

Under Michigan law, a claimant must establish the following elements to prevail on a tortious interference with a business expectancy claim: (1) existence of a valid business expectancy; (2) the knowledge of the expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a termination of the expectancy; and (4) resultant damage. *BPS Clinical Lab. v. Blue Cross & Blue Shield*, 217 Mich. App. 687, 698–99, 552 N.W.2d 919 (1996); *also Beirut Traders Co. v. Neiman Marcus Grp., Inc.,* No. 2:09-cv-11176, 2009 WL 3460674, at *6 (E.D. Mich. Oct. 22, 2009).

A claimant who alleges tortious interference with business expectancy must allege the intentional doing of a per se wrongful act, or the intentional doing of a lawful act with malice and unjustified in law for the purpose of invading plaintiff's contractual rights or business relationship of another. *Beirut Traders Co.*, 2009 WL

3460674, at *6. A party does not act with improper motive or means when it makes a truthful statement or operates with legitimate business reasons. *Id.*; *Saab Auto. AB v. Gen. Motors Co*., 770 F.3d 436, 443 (6th Cir. 2014); *Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc*., 763 F. App'x 388, 398 (6th Cir. 2019).

>     i.  <u>Sipcaddy's Actions Are Privileged and True, and Therefore Cannot Form The Basis For A Tortious Interference With Prospective Business Relations Claim.</u>

*Beirut Traders Co.* demonstrates that 30 Watt's tortious interference with prospective business relations claim fails. The plaintiff in *Beirut Traders Co.* argued that the defendant tortiously interfered with the plaintiff's business expectancies by making false statements with regard to its ownership in certain trademarked goods, thereby stalling the sale of those goods and causing the plaintiff damages. *Beirut Traders Co.*, 2009 WL 3460674, at *6. The defendant argued that its interference in plaintiff's sale of the goods was an attempt to protect its trademark. *Id.* The *Beirut Traders Co.* court rejected plaintiff's arguments, noting that the plaintiff did not contest that the defendant had a trademark regarding the goods, and that plaintiff failed to demonstrate that defendant was acting for any purpose other than to protect its name and reputation by preventing the sale of its trademarked goods. *Id.* at 6–7.

Much like the counter-plaintiff in *Beiruit Traders Co.*, Sipcaddy's actions only consisted of informing third-parties of its acknowledged trademark rights. 30 Watt alleges that Sipcaddy tortiously interfered with it by informing Amazon that 30 Watt was using Sipcaddy's federally registered trademark for "SHOWER

BEER." ECF No. 20, at ¶¶ 37–43, PageID.813–14. 30 Watt does not dispute it was using Sipcaddy's federally registered trademark. *Id.* at ¶¶ 16, 19, PageID.808–09. Therefore, not only does 30 Watt fail to allege any improper purpose, the statement made to Amazon that 30 Watt was using Sipcaddy's federally registered "SHOWER BEER" trademark was true.

Count III should be dismissed because Sipcaddy did nothing improper and only told Amazon what 30 Watt admits is the truth.

> ii. 30 Watt's Tortious Interference With Prospective Business Relations Claim Is Barred By The *Noerr-Pennington* doctrine.

30 Watt's tortious interference with prospective business expectancy claim also fails under the *Noerr-Pennington* doctrine. The *Noerr–Pennington* doctrine provides that a party "may not be subjected to liability for its attempt to have its rights protected by the courts unless that attempt is shown to have been a mere 'sham.'" *Melea Ltd. v. Quaility Models, Ltd.*, 345 F. Supp. 2d 743, 758 (E.D. Mich. 2004); *Beirut Traders Co.,* 2009 WL 3460674, at *8. A company's efforts to protect its trademark clearly do not amount to a "sham." *Beirut Traders Co.*, 2009 WL 3460674, at *8.

Here, 30 Watt contends that Sipcaddy's report of trademark infringement to Amazon is wrongful conduct subjecting Sipcaddy to liability for tortious interference. But, Sipcaddy's reports to Amazon were merely privileged efforts to protect a legitimate trademark interest. Sipcaddy informed Amazon that 30 Watt was

using Sipcaddy's federally registered trademark for "SHOWER BEER" in connection with the "sudski" product. ECF No. 20, at ¶¶ 16, 38, PageID.808, 813. 30 Watt does not dispute it was using Sipcaddy's trademark on its "sudski" product. *Id.* at ¶ 19, PageID.809. Sipcaddy did nothing improper.

Sipcaddy's efforts to protect its trademark are protected by the *Noerr-Pennington* doctrine. Count III should be dismissed.

### D. Count IV, 30 Watt's Michigan Consumer Protection Act Claim, Fails Because Sipcaddy's Alleged Actions Are Not Recognized as Wrongful.

Count IV of 30 Watt's Counterclaims alleges violations of the Michigan Consumer Protection Act ("MCPA") again on the grounds that Sipcaddy's informing Amazon of 30 Watt's infringement of Sipcaddy's "SHOWER BEER" federally registered trademark is a misuse of Sipcaddy's trademark rights. ECF No. 20, at ¶¶ 45–47, PageID.815–16. 30 Watt's allegation of unlawful behavior by Sipcaddy fails to support its claim under MCPA. Therefore, Count IV should be dismissed.

The goal of the MCPA is to protect consumers in their purchase of personal goods. MICH. COMP. LAWS § 445.903; *Nedschroef Detroit Corp. v. Bemas Enters. LLC*, 106 F. Supp. 3d 874, 887 (E.D. Mich. 2015). The standard for determining a violation of the MCPA is the same as the standard for trademark infringement and unfair competition under the Lanham Act – consumer confusion. *Nedschroef Detroit Corp*, 106 F. Supp. 3d at 887; *Schreiber Mfg. Co., Inc. v. Saft Am., Inc.*, 704 F. Supp.

759, 769 (E.D. Mich. 1989). The conduct at issue must also involve consumer purchases of goods made by the alleged wrongdoer. *Acad. of Doctors of Audiology v. Int'l Hearing Society*, 237 F. Supp. 3d 644, 660 (E.D. Mich. 2017); *Nedschroef Detroit Corp.*, 106 F. Supp. 3d at 887.

The conduct underlying 30 Watt's MCPA Count is Sipcaddy's alleged "false, misleading, and deceptive statements regarding [] its rights in the phrase 'shower beer'" in relation to the Sipcaddy's "SHOWER BEER" mark *Id.* at ¶ 46, PageID.815. Yet, as noted above, this allegedly wrongful conduct is nothing more than Sipcaddy informing Amazon and 30 Watt's supplier that 30 Watt infringed Sipcaddy's federally registered trademark for "SHOWER BEER."[1] *Id* at ¶¶ 18, 21, PageID.809–10. There is no allegation that Sipcaddy took any action directed to *consumers*. Moreover, 30 Watt admits, as it must, that Sipcaddy has a federal registration for this mark and that 30 Watt was in fact using the mark. *Id.* at ¶¶ 16, 19, PageID.808–09. There is no allegation that Sipcaddy falsely represented it had a valid, federally registered trademark for "SHOWER BEER."

30 Watt has not alleged any conduct by Sipcaddy related to sales to consumers, advertising, or solicitation. 30 Watt has not alleged a single act of Sipcaddy that is directed to consumers at all. Instead, 30 Watt alleges Sipcaddy violated six provisions of the MCPA because Sipcaddy informed Amazon of 30

---

[1] 30 Watt does not allege Sipcaddy engaged in any wrongful conduct regarding its assertion of infringement of the "SIPCADDY" mark. *See* ECF No. 20, at ¶¶ 44–47.

Watt's use of Sipcaddy's trademark on its "sudski" product. This conduct does not violate the MCPA.

In addition to failing to meet the general requirements of an MCPA claim, 30 Watt fails to plead facts to support the six subsections specifically listed.

<ol type="i">
<li>**30 Watt fails to allege conduct causing confusion or misunderstanding as to source, sponsorship, approval, or certification of goods or services.**</li>
</ol>

30 Watt does not make any allegations to support the required finding of likely consumer confusion as is required under subsection (a) of the MCPA. *Schreiber Mfg. Co., Inc.*, 704 F. Supp. at 769. There are no allegations that consumers are confused as to the source, sponsorship, approval or certification of any of 30 Watts' goods. 30 Watt does not allege that consumers are confused by Sipcaddy's or 30 Watt's products at all. Rather, 30 Watt alleges Sipcaddy's actions prevent consumers from purchasing its "sudski" product on Amazon because Sipcaddy *informed Amazon of 30 Watt's admitted use of Sipcaddy's federally registered trademark*. Moreover, Sipcaddy's actions were directed to Amazon and not consumers. Consumers cannot be confused by Sipcaddy's conduct. 30 Watt completely fails to allege a cause of action under MICH. COMP. LAWS § 445.903(1)(a).

<ol type="i" start="2">
<li>**30 Watt fails to allege any deceptive representation in connection with goods or services.**</li>
</ol>

30 Watt does not make any allegations to support the required finding of likely consumer confusion as is required under subsection (b) of the MCPA. *Schreiber*

*Mfg. Co., Inc.*, 704 F. Supp. at 769. There are no allegations that consumers are confused as to the descriptive representation of either Sipcaddy or 30 Watt's products. 30 Watt only alleges consumers cannot purchase its "sudski" product on Amazon because Sipcaddy *informed Amazon of 30 Watt's admitted use of Sipcaddy's federally registered trademark*. Moreover, Sipcaddy's actions were directed to Amazon and not consumers. Consumers cannot be confused by Sipcaddy's conduct. 30 Watt completely fails to allege a cause of action under MICH. COMP. LAWS § 445.903(1)(b).

      iii. <u>30 Watt fails to allege Sipcaddy represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.</u>

30 Watt does not make any allegations to support the required finding of likely consumer confusion as is required under subsection (c) of the MCPA. *Schreiber Mfg. Co., Inc.*, 704 F. Supp. at 769. There are no allegations that consumers are confused as to the sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities of Sipcaddy's or 30 Watts' goods. Rather, 30 Watt alleges Sipcaddy's actions prevent consumers from purchasing its "sudski" product on Amazon because Sipcaddy *informed Amazon of 30 Watt's admitted use of Sipcaddy's federally registered trademark*. Moreover, Sipcaddy's actions were directed to Amazon and not consumers. Consumers cannot be confused by Sipcaddy's conduct. 30 Watt

completely fails to allege a cause of action under MICH. COMP. LAWS §
445.903(1)(c).

    iv.  <u>30 Watt failed to allege Sipcaddy disparaged the goods,
services, business, or reputation of another by false or
misleading representation of fact.</u>

30 Watt does not make any allegations that Sipcaddy made any false or
misleading statement regarding 30 Watt's goods. This section of the MCPA is
similar to the false designation provisions of the Lanham Act and again requires a
likelihood of consumer confusion. Yet, there are no allegations consumers are
confused. 30 Watt only alleges Sipcaddy's actions are improper because Sipcaddy
informed Amazon of Sipcaddy's federal registered trademark. Yet, *30 Watt admits
Sipcaddy has a federally registered trademark for "SHOWER BEER" and that 30
Watt uses it in relation to its "sudski" product*. There is no misstatement. Moreover,
Sipcaddy's actions were directed to Amazon and not consumers. 30 Watt completely
fails to allege a cause of action under MICH. COMP. LAWS § 445.903(1)(f).

    v.  <u>30 Watt failed to allege Sipcaddy caused a probability of
Amazon confusing or of misunderstanding the legal rights,
obligations, or remedies of either Sipcaddy or Amazon.</u>

30 Watt does not make any allegations to support the required finding of likely
consumer confusion. 30 Watt does not allege that consumers are confused.
Sipcaddy's actions were directed to Amazon and not consumers. Consumers cannot
be confused by Sipcaddy's conduct. 30 Watt makes no allegation Amazon was
confused as to Sipcaddy or 30 Watt's legal rights regarding Sipcaddy's federal

registration of "SHOWER BEER" and 30 Watt's use of it. *See Walker v. RDR Real Estate, LCC*, No. 11-10251, 2012 WL 4328348, at *8 (E.D. Mich. Sept. 20, 2012). Rather, 30 Watt alleges Sipcaddy's actions prevent consumers from purchasing its "sudski" product on Amazon because Sipcaddy *informed Amazon of 30 Watt's admitted use of Sipcaddy's federally registered trademark*.  30 Watt completely fails to allege a cause of action under MICH. COMP. LAWS § 445.903(1)(n).

> vi.  30 Watt failed Sipcaddy made a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

30 Watt does not make any allegation to support the required finding of likely consumer confusion. *Schreiber Mfg. Co., Inc.*, 704 F. Supp. at 769. 30 Watt does not allege that consumers are confused. Rather, 30 Watt alleges Sipcaddy's actions bar consumers from purchasing its "sudski" product on Amazon because Sipcaddy informed Amazon of Sipcaddy's federally registered trademark. 30 Watt admits Sipcaddy has a valid, registered trademark for "SHOWER BEER" that *30 Watt uses in relation to its "sudski" product*. There is no misstatement or misrepresentation as to 30 Watt's use of Sipcaddy's trademark. Sipcaddy only stated an admitted fact. Moreover, Sipcaddy's actions were directed to Amazon and not consumers. Consumers cannot be confused by Sipcaddy's conduct. 30 Watt completely fails to allege a cause of action under MICH. COMP. LAWS § 445.903(1)(bb).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should enter an order dismissing 30

Watt's Counterclaims in their entirety for failure to state a claim.

Dated: September 19, 2019              Respectfully submitted,

                                     */s/ Joseph W. Barber*

                                     Andrew M. Grove (P48868)
                                     Joseph W. Barber (P82728)
                                     HOWARD & HOWARD ATTORNEYS
                                     450 W. Fourth Street
                                     Royal Oak, MI 48067
                                     (248) 723-0456
                                     jwb@h2law.com

                                     *Counsel for Tech and Goods, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph W. Barber, certify that on September 19, 2019, I electronically filed

the foregoing Plaintiff/Counter-Defendant Tech Goods, Inc.'s Motion to Dismiss

Defendant/Counter-Plaintiff's Counterclaim using the ECF system, which will send

notification of that filing to counsel of record in this matter.

                                     /s/ Joseph W. Barber

4853-0241-3220, v. 4