UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TECH AND GOODS, INC.,

    Plaintiff,

v.

30 WATT HOLDINGS, LLC, et al.,

    Defendants.
                              /

Case No. 2:18-cv-13516

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS [24]**

On November 12, 2018, Plaintiff filed a complaint against Tooletries, LLC, and Tooletries Pty. Ltd. (together, "Tooletries Defendants") as well as 30 Watt Holdings, LLC ("30 Watt"). ECF 1. Plaintiff alleged that Defendants' conduct in marketing and selling their "Sudski" and "Sipski" products violated various provisions of the Lanham Act, violated the Michigan Consumer Protection Act ("MCPA"), and constituted common law unfair competition. *Id.* at 18–31. On August 12, 2019, the Court dismissed the Tooletries Defendants from the case. ECF 19.

30 Watt then answered Plaintiff's complaint and asserted counterclaims for unfair competition under the Lanham Act, common law unfair competition, tortious interference with business expectancy, and violations of the MCPA. ECF 20. Plaintiff later filed the present motion to dismiss 30 Watt's counterclaims under Civil Rule 12(b)(6). ECF 24. The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will grant in part and deny in part Plaintiff's motion.

1

## BACKGROUND[1]

Plaintiff, doing business as Sipcaddy, obtained a federal trademark for the term "Sipcaddy" on March 3, 2015, and for "Shower Beer" on November 7, 2017. ECF 1, PgID 1, 7. Plaintiff alleged that in September 2018 it discovered that Defendants were infringing its "Shower Beer" trademark when marketing 30 Watt's Sudski product; Plaintiff further alleged Defendants infringed its Sipcaddy trademark on 30 Watt's Sipski product. *Id.* at 8–9. Plaintiff thus filed the instant lawsuit. *Id.* at 18–33. In its answer, 30 Watt asserted counterclaims and averred that 30 Watt launched the Sudski product in November 2017 and obtained a federal trademark for the term "Sudski" on May 1, 2018. ECF 20, PgID 807. 30 Watt then launched the Sipski product on September 18, 2018, and obtained a federal trademark for the term "Sipski" on December 4, 2018. *Id.* 30 Watt admitted that it used the term "shower beer" on its Sudski product but argued that it merely "us[ed] packaging that descriptively refer[ed] to its product as a 'shower beer holder,' which [was] precisely the intended use of the product." *Id.* at 808.

On September 22, 2018, Plaintiff complained to Amazon that 30 Watt was infringing its "Shower Beer" trademark. ECF 20, PgID 809; ECF 24, PgID 846. On September 24, 2018, Plaintiff sent 30 Watt's supplier a cease and desist letter. ECF 20, PgID 810; ECF 24, PgID 846. 30 Watt argued that Plaintiff's actions

---

[1] On a motion to dismiss, the Court must view all facts in the light most favorable to the non-moving party. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, F.3d 426, 430 (6th Cir. 2008). The Court's recitation of the background facts reflects that obligation and therefore does not constitute a finding of fact.

2

"demonstrate[d] a pattern of anti-competitive conduct willfully and maliciously undertaken . . . to . . . cause marketplace confusion about the scope of the parties' respective trademark rights, to stifle competition in the marketplace, and to cause economic injury to 30 Watt[.]" ECF 20, PgID 810. 30 Watt therefore asserted counterclaims for: (1) unfair competition under § 43 of the Lanham Act, (2) common law unfair competition, (3) tortious interference with business expectancy, and (4) violations of the MCPA. *Id.* at 811–16.

## LEGAL STANDARD

When analyzing a motion to dismiss under Civil Rule 12(b)(6), the Court views the claims in the light most favorable to the non-moving party, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a motion to dismiss, the claims "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). The claims must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

## DISCUSSION

Plaintiff moved to dismiss all four of 30 Watt's counterclaims. ECF 24. The Court will address each claim in turn.

I.  <u>Lanham Act Unfair Competition</u>

First, 30 Watt alleged that Plaintiff engaged in unfair competition in violation of § 43 of the Lanham Act by falsely representing the scope of its trademark "rights in the term 'Shower Beer'" to Amazon without a "colorable, reasonable, or good-faith basis for making such assertions and knowingly did so for the purpose of stifling competition and causing economic injury to 30 Watt." ECF 20, PgID 811. 30 Watt alleged that "Shower Beer" is a "descriptive or generic" term and that Plaintiff's allegedly false assertions "have caused, and continue to cause, confusion in the marketplace" about 30 Watt's right "to descriptively use the term 'shower beer holder' to describe the intended function of a product[.]" *Id.*

Section 43 of the Lanham Act prohibits any person from using, in commerce, a word or term that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]" 15 U.S.C. § 1125(a)(1)(A). It likewise prohibits any person from using, in commerce, a word or term "in commercial advertising or promotion" that "misrepresents the nature, characteristics, qualities, or geographic origins of his or her or another person's goods, services, or commercial activities[.]" 15 U.S.C. § 1125(a)(1)(B). 30 Watt acknowledged that its claim falls outside the

4

language of the statute but argued that its claim should survive the present motion because "courts have held that the groundless or oppressive assertion of intellectual property rights can support a claim for unfair competition." ECF 27, PgID 881.

On its face, § 43(a) of the Lanham Act "is not limited to trademark issues." *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488–89 (6th Cir. 2005). Although "much of the Lanham Act addresses the registration, use, and infringement of trademarks and related marks, § 43(a), 15 U.S.C. § 1125(a) is one of the few provisions that goes beyond trademark protection." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28–29 (2003). Nonetheless, "§ 43(a) 'does not have boundless application as a remedy for unfair trade practices' . . . but can apply only to certain unfair trade practices prohibited by its text." *Id.* at 29 (quoting *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974)).

Here, the text of § 43(a) is not sufficiently broad to encompass 30 Watt's allegations. The Court can locate no case, nor does 30 Watt cite to any, that extends § 43(a)'s prohibition of certain unfair competitive practices as far as 30 Watt seeks to extend it. 30 Watt's proposal would effectively create an affirmative cause of action against a trademark owner for anyone with a legitimate descriptive use defense against the trademark owner's infringement lawsuit. This reading is simply too far of a stretch of § 43(a)'s language requiring the false or misleading wording to be "use[d] in commerce." 15 U.S.C. § 1125(a)(1).

The phrase "use in commerce" is defined in the Lanham Act as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right

5

in a mark." 15 U.S.C. § 1127. The Act further states that "a mark shall be deemed to be in use in commerce" with respect to goods when "it is placed in any manner on the goods or their containers or the displays associated therewith or the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on the documents associated with the goods for their sale." *Id.* 30 Watt alleged only that Plaintiff told Amazon that 30 Watt's product infringed Plaintiff's trademark. *See* ECF 20, PgID 808–09. Under the statutory definition, Plaintiff's conduct does not constitute a "use in commerce" of a word, term, or other false or misleading description or representation.

Moreover, the cases 30 Watt cited to support its proposed extension of § 43(a) to cover unfair competitive practices unrelated to use of statements in commerce as defined in the statute are not binding on the Court. And the cases are unpersuasive because they do not adequately address the statutory language or sufficiently tie their expansive readings of the statute to its text. *See, e.g.*, *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 929 (N.D. Iowa 2001) (holding that "Lanham Act 'unfair competition' claims may be based on conduct far broader than the bare language of the statute might suggest"—a statement that was then directly contradicted by the Supreme Court in *Dastar*, quoted above); *Repap Enters. Inc. v. Kamyr Inc.*, No. 92-5701, 1993 WL 322881, at *7 (E.D. Pa. June 8, 1993) (making a bare conclusion that patent applications "were activities in commerce" without addressing the statutory definition of "use in commerce"). The Court will not sanction expansions of rights without a necessary tether to statutory language. "It is

6

emphatically the province and duty of the [judiciary] to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). It would be a matter for Congress to create an expansion of § 43(a)—not the Court. 30 Watt has therefore failed to state a claim on which relief can be granted, and the Court will dismiss its § 43(a) unfair competition counterclaim.

II. <u>Common Law Unfair Competition</u>

Second, 30 Watt alleged that Plaintiff's statements to Amazon regarding its trademarks constituted common law unfair competition under Michigan law. ECF 20, PgID 812.

Michigan law "follows the general principles of unfair competition." *Marion Labs., Inc. v. Mich. Pharmacal Corp.*, 338 F. Supp. 762, 767 (E.D. Mich. 1972), *aff'd mem.*, 473 F.2d 910 (6th Cir. 1973); *see also A&M Records, Inc. v. M.V.C. Distrib. Corp.*, 574 F.2d 312, 313 (6th Cir. 1978). And the Michigan Supreme Court has defined "unfair competition," according to its general principles, to mean "the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares." *Clipper Belt Lacer Co. v. Detroit Belt Lacer Co.*, 223 Mich. 399, 406 (1923) (citing Nims on Unfair Competition (2d ed.) § 4, pp. 12–14). Even in the small number of cases when Michigan law has been interpreted to extend beyond claims for passing off one's goods as those of another, "[t]he gist of the action . . . in all unfair competition cases, is fraud, and the gist of the charge is that the public is so misled that [the

7

wronged party] loses some trade by reason of the deception." *Clairol, Inc. v. Boston Disc. Ctr. of Berkley, Inc.*, 608 F.2d 1114, 1120 (6th Cir. 1979) (quoting *Revlon, Inc. v. Regal Pharmacy, Inc.*, 29 F.R.D. 169, 174 (E.D. Mich. 1961)).

Here, 30 Watt did not allege that Plaintiff attempted to pass off its own goods as 30 Watt's goods, and it did not allege any similar conduct that would constitute Plaintiff defrauding the public. The conduct that 30 Watt alleged simply does not fall within Michigan's common law cause of action for unfair competition. The Court will therefore dismiss 30 Watt's counterclaim for common law unfair competition.

III. <u>Tortious Interference with Business Expectancy</u>

Third, 30 Watt alleged that Plaintiff tortiously interfered with its business expectancy, in violation of Michigan law. ECF 20, PgID 813. 30 Watt again based its counterclaim on Plaintiff's allegedly false assertions to Amazon about the scope of its trademark rights in the term "Shower Beer."

To state a claim for tortious interference with business expectancy under Michigan law, 30 Watt must claim that: (1) it had a valid business expectancy, (2) Plaintiff knew of the expectancy, (3) Plaintiff intentionally interfered in a way that caused the termination of the expectancy, and (4) 30 Watt suffered damages. *Lifeline Ltd. No. II v. Conn. Gen. Life Ins. Co.*, 821 F. Supp. 1213, 1216 (E.D. Mich. 1993) (quoting *Pryor v. Sloan Valve Co.*, 194 Mich. App. 556, 560 (1993)). To satisfy the third element, 30 Watt must allege that Plaintiff's conduct was intentional and was either: (1) inherently wrongful, or (2) "wrongful in the context of [Plaintiff's] actions

8

and malice." *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 716–17 (6th Cir. 2018).

30 Watt alleged each necessary element in its counterclaim. As to the first element, 30 Watt alleged that it sold its Sudksi product through Amazon before Plaintiff's alleged actions and reasonably expected to continue to sell its Sudski product through Amazon. ECF 20, PgID 814. 30 Watt therefore alleged a valid business expectancy in the form of a "specific current . . . relationship[]." *Compuware Corp. v. Int'l Bus. Machs.*, 259 F. Supp. 2d 597, 604 (E.D. Mich. 2002). As to the second element, 30 Watt alleged that Plaintiff knew it was selling its Sudski product through Amazon. ECF 20, PgID 813.

As to the third element, 30 Watt alleged that Plaintiff "claimed exclusionary rights . . . that it did not have" both because Plaintiff did not use the term "Shower Beer" on any product and because "30 Watt's use of 'shower beer holder' on the package of its [Sudski] product was wholly and plainly descriptive in nature and a non-trademark use of the phrase[.]" *Id.* at 809. "Under the doctrine of 'fair use,'" when a trademarked term is a descriptive term, "the holder of a trademark cannot prevent others from using the [term] that forms the trademark in its primary or descriptive sense." *Herman Miller, Inc. v. Palazetti Imps. & Exps., Inc.*, 270 F.3d 298, 319 (6th Cir. 2001). Further, courts have invalidated federally registered trademarks that have not been used in commerce, negating the trademark owner's exclusionary rights. *See Mountain Top Beverage Grp., Inc. v. Wildlife Brewing N.B., Inc.*, 338 F. Supp. 2d 827, 835–36 (S.D. Ohio 2003).

9

Furthermore, 30 Watt alleged that Plaintiff made its allegedly false assertions to Amazon "knowingly and maliciously . . . with no good faith basis," and "for the purpose of unfairly stifling competition and causing economic injury to [30 Watt]," indicating that Plaintiff's conduct was intentional. ECF 20, PgID 809. 30 Watt also alleged that Plaintiff's actions resulted in the termination of its business expectancy because, it averred, Amazon removed 30 Watt's Sudski product from its listings due to Plaintiff's statements. *Id.* Taking 30 Watt's allegations as true, as the Court must do on a motion to dismiss, 30 Watt's allegations therefore satisfied the third element.

Finally, as to the fourth element, 30 Watt alleged damages because it alleged that it "sustained substantial harm, including lost sales to prospective purchasers of [Sudskis], damage to its reputation, and damage to its [Sudski] brand and to the goodwill 30 Watt has built up in the [Sudski] mark" when Amazon removed Sudskis from its listings. ECF 20, PgID 814.

Plaintiff's assertion about the applicability of the *Noerr-Pennington* doctrine, ECF 24, PgID 856, is erroneous. The *Noerr-Pennington* doctrine stands only for the proposition that parties have a "constitutional right to seek redress from wrong *in the courts*" under the First Amendment because "[t]he right to seek redress *through civil suit* must be given the same protection as the right to attempt to induce a legislative or administrative body to take some lawful action." *Pennwalt Corp. v. Zenith Labs., Inc.*, 472 F. Supp. 413, 424 (E.D. Mich. 1979) (emphasis added) (citations omitted). Plaintiff's alleged statements to Amazon were not made within the framework of a civil suit and they were not attempts to seek redress from a court or other

10

governmental entity. Accordingly, the *Noerr-Pennington* doctrine is inapplicable. The Court will deny the motion to dismiss as to 30 Watt's counterclaim for intentional interference with business expectancy. The parties are no doubt cognizant, however, that because Plaintiff has a federally registered trademark for the term "Shower Beer," 30 Watt will bear a heavy burden of proving its allegations about Plaintiff's lack of use and 30 Watt's exclusively descriptive use of the term.

IV. The MCPA

Finally, 30 Watt alleged that Plaintiff's statements to Amazon violated various provisions of the MCPA. ECF 20, PgID 814–16. Each provision of the MCPA under which 30 Watt attempted to state a claim requires a showing of a specific type of "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]" Mich. Comp. Laws § 445.903(1). "Trade or commerce" is defined in the MCPA as "the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, mixed, or any other article, or business opportunity." Mich. Comp. Laws § 445.902(g); *see also MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 660–61 (6th Cir. 2013).

But 30 Watt's MCPA counterclaim fails because Plaintiff's statements to Amazon were not actions taken "in the conduct of trade or commerce" under the statutory definition of "trade or commerce." Plaintiff's alleged statements to Amazon were not made during Plaintiff's conduct of providing a good or even advertising a

11

product. The cases that have allowed businesses to sue competitors for violations of § 445.903 require that the alleged conduct was done in the course of "trade or commerce" as defined in the statute. For example, a business can sue a competing business when the defendant business advertised its own product in a manner that violated one of the provisions of § 445.903. *See Action Auto Glass v. Auto Glass Specialists*, 134 F. Supp. 2d 897, 901 (W.D. Mich. 2001); *Florists' Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d 837, 848–50 (E.D. Mich. 2003). But here, 30 Watt failed to allege any conduct by Plaintiff that was done in the conduct of trade or commerce, as defined in the MCPA. The Court will therefore dismiss 30 Watt's MCPA counterclaim.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to dismiss counterclaims [24] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that 30 Watt's counterclaims for Lanham Act unfair competition, Michigan common law unfair competition, and violations of the MCPA are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

        s/ Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: May 12, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2020, by electronic and/or ordinary mail.

        s/ David P. Parker
        Case Manager